## ADA M. ANDERSON

### *v.*

## CYRUS H. McCORMICK.

*Filed at Ottawa June 15, 1889.*

1. EJECTMENT—*possession as evidence of title—and of evidence in rebuttal thereof.* In ejectment, proof of possession of land by a party claiming to be the owner of the fee, is *prima facie* evidence of his ownership and seizin of the inheritance. Therefore it is sufficient for the plaintiff, in order to make *prima facie* proof of title, to trace his title back to an immediate or remote grantor, who, at the time of his conveyance, was in possession of the land, claiming it in fee.

2. Where the plaintiff proves possession of land in a remote grantor, to whose title he has succeeded by several *mesne* conveyances, the *prima facie* case thus made can be overcome or rebutted only by proving a paramount title, either in the defendant or in a stranger.

3. SAME—*lease to defendant from third person—whether availing as a defense.* In ejectment, where the plaintiff shows *prima facie* title in himself, derived under a valid deed of trust, the defendant, though no party to the deed of trust and claiming no rights through any of the parties thereto, can not set up as a defense a lease to him of the land from a party not shown to have the paramount title.

4. TAX DEED—*evidence required in support of it—to show outstanding title.* On the trial of an action of ejectment, the defendant, for the purpose of showing an outstanding title, offered in evidence several tax deeds made to a third person, but no offer was made to prove any of the proceedings anterior to the execution of the tax deeds: *Held,* that such deeds were properly excluded.

5. PURCHASER FROM DEBTOR—*subsequent judgment and sale.* Two years after a party had sold and conveyed a lot, judgment was recovered against him, under which the lot was sold and conveyed by the sheriff: *Held,* that the sheriff's deed passed no title paramount to that conveyed by the defendant in the judgment.

6. PRACTICE—*placing cause on the calendar for trial.* Where a cause has once been placed upon the calendar and assigned a number, in the absence of proof that it was assigned a wrong place, or that a new calendar is in course of preparation, there will be no error in refusing a motion to strike the case from the list set for trial on a particular day, and place the same on the calendar. This court can not take judicial notice of the rules of practice in the trial courts.

7. SAME—*waiver of objection to trying case out of its order.* Where a case has once been tried, and, after a new trial is granted, is set for trial a few days later, but during the same term, if the parties go into trial without objection, this will amount to a waiver of an objection that the cause was tried out of its order, or that the cause should not be tried a second time at the same term.

8. SAME—*directing what the verdict shall be.* Where the plaintiff in ejectment has made out a *prima facie* case by his proofs, and there is no rebutting evidence, it is proper for the court to instruct the jury, as a matter of law, to find for the plaintiff.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. AUGUSTUS N. GAGE, for the appellant:

The court improperly tried the case out of its order. Starr & Curtis' Stat. sec. 17, chap. 110.

The plaintiff showed no title in himself, and the defendant showed several outstanding titles to the land. The statute makes the tax deeds *prima facie* evidence of title. *Ransom* v. *Henderson,* 114 Ill. 528; *Hyde* v. *Heath,* 75 id. 381.

The instruction given by the court to find for the plaintiff was erroneous.

Mr. W. T. BURGESS, for the appellee:

The grounds of the motion for a new trial not being given, appellant is confined to matters occurring on the trial. *Railroad Co.* v. *McMath,* 91 Ill. 112; *Smith* v. *Bank,* 79 id. 118.

Proof of possession of land under claim of ownership is *prima facie* evidence of a fee simple title. *Harland* v. *Eastman*, 119 Ill. 22; *Barger* v. *Hobbs*, 67 id. 592; *DeWitt* v. *Bradbury*, 94 id. 446; *Keith* v. *Keith*, 104 id. 397.

It is perfectly well settled, both upon common law authority and by the decisions of this court, that in an action of ejectment, proof of prior possession by the plaintiff, claiming to be the owner in fee, is *prima facie* evidence of ownership and seizin, and is sufficient to authorize a recovery, unless the defendant shall show a better title. *Jackson* v. *Hazen*, 2 Johns. 21; *Jackson* v. *Hardin*, 4 id. 202; *Robinson* v. *Doe*, 7 Blackf. 86; *Day* v. *Alverson*, 9 Wend. 223; *Hubert* v. *Hubert*, Breese, (Beecher's ed.) 357; *Mason* v. *Park*, 3 Scam. 533; *Davis* v. *Easley*, 13 Ill. 198; *Brooks* v. *Bruyn*, 18 id. 539.

In actions of ejectment, and for injuries to the inheritance, the possession of a tract of land by a party claiming to be the owner in fee is *prima facie* evidence of his ownership and seizin of the inheritance, and throws upon his adversary the burden of rebutting the presumption thus raised. *Davis* v. *Easley*, 13 Ill. 193; *Pickard* v. *Williams*, 7 Wheat. 59; *Steele's Heirs* v. *Logan*, 3 A. K. Marsh. 394; *Jackson* v. *Porter*, Paine's Rep. 457; *Mason* v. *Park*, 3 Scam. 532.

The tax deeds were properly excluded, for the reason that the necessary preliminary proof was not made, and there was no error in the instructions of the court.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This was a suit in ejectment, brought by Cyrus H. McCormick Jr. against Mary Dunne and Ada M. Dunne, now Ada M. Anderson, to recover possession of lot 49, of Henry H. Walker's re-subdivision of blocks twelve and thirteen, of S. F. Smith's subdivision, in the north-west quarter of the north-east quarter, of section 18, township 39, north, of range 14, east of the third principal meridian. The plaintiff by his

declaration claimed an estate in fee in said premises. Both defendants pleaded not guilty, and defendant Mary Dunne filed a further plea denying that she was in possession of the premises demanded at the time of the commencement of the suit, and disclaiming all title and interest therein, and the suit was thereupon dismissed as to her. A trial was had as to the other defendant at the January term, 1889, of the Superior Court, resulting in a verdict finding the defendant guilty, and also finding that the plaintiff had an estate in said premises in fee. The defendant entered her motion for a new trial, which was overruled, and judgment was entered upon the verdict in favor of the plaintiff for the recovery of said premises, and for costs. From that judgment the defendant has appealed to this court.

It is claimed that the Superior Court improperly tried the cause out of its order on the docket, and such action of the court is assigned for error. It appears that on the 18th day of December, 1888, that being one of the days of the December term, 1888, of said court, the cause was tried by a jury and a verdict rendered for the plaintiff. A new trial was granted, as is now claimed, on account of an informality in the verdict, and on the 9th day of January, 1889, that being one of the days of the January term, 1889, of said court, another trial was had resulting in a verdict finding the defendant not guilty. This verdict was also set aside and a new trial granted by the court, and the cause was at the same time, by order of the court, set for trial on the 14th day of the same month, that being one of the days of the same term, or as soon thereafter as counsel could be heard. On the 12th day of January, 1889, the defendant filed her petition for a change of venue on account of the prejudice of the judge before whom the cause was pending, and the cause was thereupon transmitted by said judge to another judge of the same court for trial, where it was placed on the list of causes subject to trial January 15, 1889.

On the 16th day of said month the defendant appeared by her counsel before the last named judge and entered her motion to strike said cause from the list of cases set for hearing January 15, 1889, and to place the same on the calendar, and in support of said motion, read an affidavit stating, in substance, that said cause was inserted in the trial calendar of the court after the same had been made up, as number $2361\frac{1}{2}$; that it was regularly reached on the call of the calendar and sent to the judge before whom it was first tried about December 7, 1888, and was there set for trial December 18, 1888; that on that day and the day following it was tried and a verdict found for the plaintiff; that said judge, after overruling the defendant's motion for a new trial, ordered a new trial on account of a defect in the verdict, and set the cause for another trial on the 2d day of January, 1889, contrary to the defendant's request that it be placed upon the next trial calendar; that the trial was postponed at the instance of the plaintiff until January 9, 1889, when a trial was had resulting in a verdict for the defendant; that said verdict was immediately set aside and the cause set for another trial on the 14th day of the same month, against the defendant's request and wishes; that the change of venue was thereupon taken, and after the cause was sent to another judge, an application was made to him to have it placed on the trial calendar, to be reached in its regular order, which application was refused; that there were then a large number of cases pending in said court which had, and of right ought to have, precedence over this, in many of which both sides were ready for and desired an immediate trial; that there were then still on the trial calendar of said court several hundred cases that were awaiting trial and had not then been reached; that the defendant had already had one trial at said term, resulting in a verdict in her favor, and that she desired to have the cause placed on the regular calendar.

The defendant's motion was overruled the day it was made, and an exception to said decision was duly preserved. Two

days afterward the cause was called for trial, and the trial was entered upon, without any objection on the part of the defendant, either on the ground that the cause was being called for trial out of its proper order on the docket, or otherwise.

We cannot say that any error was committed by the court in refusing to enter an order placing the cause on the trial calendar of the court. It appears that such a calendar had been prepared for a previous term, and was still in use, several hundred cases on it not having then been reached for trial. On that calendar this case had already a place and a number; and while it is alleged that it was placed there after the calendar was completed, it is not claimed that that was improperly done. So far as appears, it may have been accidentally omitted, and inserted in its proper numerical position after the omission was discovered. So long as it had a place on the calendar, there could be no occasion, so far as we are able to see, for giving it a new place or a new number. Doubtless the question might have been raised whether, after having been reached and tried, the defendant was not entitled to have it passed until all the cases below it on the calendar had been reached and called, but that was not the question presented to the court by the defendant's motion.

Moreover, it does not appear that any new calendar for the use of said court was in course of preparation or contemplated, nor are we informed as to the rules under which the court caused its trial calendars to be prepared. The statute requires the clerks of all courts of record to keep dockets of all causes pending in their courts, and it further provides that all causes shall be tried or otherwise disposed of in the order in which they are placed on the docket, unless the court, for good and sufficient reasons, shall otherwise direct; it being provided, however, that in counties where two or more judges shall be holding two or more branches of the same court at the same time, two or more trial dockets may be made, making distribution of the causes among the several dockets so as to place

causes of a particular class on each docket. Rev. Stat. Chap. 110, secs. 15-17. If the trial calendar of the Superior Court is a list of causes different in its nature from the docket provided for by the statute, and of this the record gives us no information, its preparation must depend upon rules of practice of that court of which we can take no judicial knowledge, and of which the record furnishes us with no evidence. In no view of the case then can it be seen that the court was under any duty to assign to this case a new place on the existing calendar, or to place it on any new calendar, and it follows that the motion asking the court to do so was properly denied.

The defendant cannot complain of the trial of the cause at the time it was tried, as the trial seems to have been entered upon by her and her counsel entirely without objection. They asked for no postponement or continuance, and made no suggestion, at the time the cause was called for trial, either that it was being called out of its order, or that it should not be tried a second time at the same term. Even if calling the case for trial at that time was improper, and as to that we need express no opinion, it was competent for the defendant to waive the objection, and as none was made, it will be deemed to have been waived. *Cleaver* v. *Webster*, 73 Ill. 607.

It is next insisted that the record and judgment are unsupported by the evidence. The plaintiff, to prove title, gave evidence tending to show, that in 1869 Henry H. Walker, claiming to be the owner of the lot in question, entered into a contract with Edward C. Waller to convey said lot to him. At that time the lot was vacant and unoccupied, and under said contract of purchase, Waller entered into possession of it, built a house on it, and occupied it by his tenants until April 20, 1872, when it was purchased by Mary Dunne, the wife of James Dunne, for $5500. No conveyance had been made by Walker to Waller, and it was accordingly arranged that the lot should be conveyed directly from Walker to Mrs. Dunne, and that of the purchase money, she should pay $500 in cash,

and that for the residue, she should give her promissory notes signed by herself and her husband, payable to the order of Walker, and should secure the same by a deed of trust on the lot. The deed conveying the lot was thereupon executed by Walker to Mrs. Dunne, and she and her husband executed to Walker their promissory notes for $5000, and secured the same by their deed of trust on the lot to John G. Rogers as trustee. Mrs. Dunne entered into possession of the lot under said deed and lived on the same, with her family, the defendant then being one of her minor children. James Dunne died in 1874.

The notes secured by the deed of trust not being paid, the plaintiff, who was then the owner and holder of said notes, caused said lot to be sold by the trustee under said deed of trust, and became the purchaser of the lot at the sale and received a trustee's deed therefor. Said sale was made April 5, 1885. After the sale, certain negotiations were entered into between the plaintiff and Mrs. Dunne, with a view to obtaining from her a recognition of the plaintiff's title, it being proposed that she take from him a lease, so as to establish between them the relation of landlord and tenant. While these negotiations were in progress, the defendant, then living with her mother as a member of her family, obtained from Asahel Gage, who claimed to be the owner of said lot by virtue of a tax deed, a lease of said lot for a term of three years, at a nominal rent. Mrs. Dunne thereupon, as she claims, surrendered the possession of the premises to her daughter, and the latter claims to be in possession under her lease. Prior to this alleged change of possession, the defendant was living and boarding with her mother, and paying her mother for her board. After the change of possession, both continued to live as before in the same family, the daughter taking the place of the head of the family and the mother boarding with her, payment for her board being made, as is claimed, by turning over to the daughter certain of the furniture then in use in the house.

There can be no doubt that Mrs. Dunne would be estopped to deny the validity of the title acquired through or under the trust deed executed by herself, and it is claimed that the defendant, being a member of the family of Mrs. Dunne and having received the possession directly from her, is so far in privity with her as to be bound by the same estoppel. The question thus raised need not be decided, since, upon another principle, it must be held that the evidence establishes title in the plaintiff.

The rule is well settled that, in actions of ejectment, proof of possession of land by a party claiming to be the owner in fee, is *prima facie* evidence of his ownership and seizin of the inheritance. *Davis* v. *Easley*, 13 Ill. 192; *Barger* v. *Hobbs*, 67 id. 592; *Keith* v. *Keith*, 104 id. 397; *Harland* v. *Eastman*, 119 id. 22. It is sufficient therefore for a plaintiff, in order to make *prima facie* proof of title, to trace his title back to an immediate or remote grantor who, at the time of his conveyance, was in possession of the land claiming it in fee.

At the time of the conveyance of the lot in question from Walker to Mrs. Dunne, Walker was claiming to be the owner of said lot in fee. The lot was then and for several years had been in the possession of Waller and his tenants, such possession having been taken and held under a contract with Walker, and their possession therefore, so far as the present question is concerned, must be deemed in law the possession of Walker. It follows therefore that the deed from Walker to Mrs. Dunne presumptively conveyed the fee, and the fee thus conveyed became vested in the plaintiff by means of the trust deed executed by Mrs. Dunne and the sale thereunder.

There is no evidence in the record rebutting or tending to rebut the *prima facie* case thus made. Such case could be overcome only by proving a paramount title either in the defendant or in a stranger. No such proof was made. The defendant offered to read in evidence certain tax deeds executed to Asahel Gage, but as no offer was made to prove any

of the proceedings anterior to the execution of the tax deeds, said deeds were excluded, and properly so. The defendant also offered to read in evidence a deed executed by the sheriff of Cook county to one Thompson, upon an execution sale under a judgment recovered by one Schloesser against Samuel J. Walker and Henry H. Walker, in the Superior Court of Cook county, at the September term, 1874. This deed was also excluded, and properly, as it could in no event have tended to prove title paramount to that conveyed by Henry H. Walker to Mrs. Dunne, the judgment having been rendered something more than two years after that conveyance was made.

Complaint is made of the rulings of the court in the instructions to the jury. One instruction only was given on the part of the plaintiff, that being, in substance, that the plaintiff had shown title to the property in question, and that the verdict should be in his favor. That instruction was proper. The plaintiff had made out a case by *prima facie* proof, and there being no rebutting evidence, his right to a verdict followed as a matter of law.

Four instructions were given at the instance of the defendant, laying down rules of law applicable to the case. The plaintiff being entitled to a verdict as a matter of law, these instructions might all have been properly refused, but the defendant, of course, can not complain of the action of the court in giving them. The following instruction asked by the defendant was refused:

"The court further instructs the jury, that if they believe, from the evidence, that said defendant, Ada M. Anderson, is a tenant of the said property holding under a lease from any person other than the plaintiff, and if they shall further believe, from the evidence, that she was not a party to the trust deed of the property through which the plaintiff claims title, and that she claims no rights through any of the parties thereto, then the said Ada M. Anderson is under no obligation

to recognize the plaintiff as owner, nor is she subject to the provisions of said trust deed."

The unsoundness of the propositions contained in this instruction is too apparent to require extended discussion. Whether the defendant is bound to recognize the plaintiff as owner depends upon whether he has the paramount title, and not upon whether she was a party to the deed of trust. If that deed conveyed the fee, it was binding not only upon the parties to it, but upon all the world, and the defendant can not set up as against the title derived by the plaintiff through said deed of trust, a lease to her from a party not shown to have the paramount title.

We are of the opinion that the verdict and judgment are the proper and necessary result of the evidence, and that there are no prejudicial errors in any of the rulings of the court. The judgment will therefore be affirmed.

*Judgment affirmed.*