WALLACE C. CLARK, Assignee,

*v.*

A. J. BURKE *et al.*

*Opinion filed February 14, 1898.*

1. APPEALS AND ERRORS—*judgment is presumed to be sustained by evidence, in absence of bill of exceptions.* In the absence of a bill of exceptions it will be presumed on appeal, in suits at law, that the trial court heard evidence sufficient to support its judgment.

2. SAME—*decree containing sufficient finding of facts will be sustained in the absence of a certificate of evidence.* In the absence of a certificate of evidence showing what evidence the trial court heard, its decree will be sustained on appeal, where such decree contains a finding of sufficient facts to support it.

*Clark* v. *Burke,* 69 Ill. App. 540, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

The Southern Hotel Company, a corporation in Chicago, made an assignment, and Brodie B. Davis was named as assignee. The deed of assignment was duly filed in the county court, and the court assumed jurisdiction over the insolvent estate. On the 24th day of July, 1894, Davis resigned as assignee, and appellant, Wallace C. Clark, was appointed in place of Davis. The order of the court making the appointment contains the following: "This cause coming on this day to be heard upon the petition of Brodie B. Davis, assignee, to be discharged, and Wallace C. Clark having appeared in open court and having agreed to administer the said estate as assignee, and also having agreed to assume and pay all liabilities incurred by the said Brodie B. Davis, as such assignee, and to make good to said estate any loss which may result to said estate from the further operation by the said Wallace C. Clark of the business of said insolvent, and

having further agreed to render all services which may be required of him, as such assignee, without fees, and the said Brodie B. Davis having tendered his resignation as such assignee and the same having been accepted by the court, it is therefore ordered that the said Wallace C. Clark be and he is hereby appointed assignee of the said Southern Hotel Company, in the place and stead of the said Brodie B. Davis."

On October 15, 1894, appellant, as assignee, was ordered to discontinue and close up the business of the corporation, and on December 11 following, the appellees, creditors of the estate, filed their petition setting up that certain moneys and assets had come to his hands which he had wasted, etc., and upon a hearing upon such petition and his answer thereto, and on the evidence introduced in open court, the county court made an order on March 9, 1895, finding as follows: Cash collections by Clark, as assignee, from the guests of said hotel in payments of their accounts which had accrued before the said 24th day of July, 1894, the sum of $759.17; accounts secured by baggage, $282.54; provisions and groceries, etc., in the store room, $50; stock of liquors in bar-room, $75; one barrel machine oil, $40; one barrel compound, $40; equity in two cash registers, $187; total, $1433.71. The court also found that other property passed into the hands of Clark, as assignee, belonging to the estate, which had been sold by him and never accounted for; that said Clark has not conducted the trust reposed in him for the benefit of the creditors of said estate, as he should have done, but has neglected and in every way refused to look after the interests of said creditors. Thereupon the court entered an order requiring appellant to pay the claims of appellees, who held claims for labor aggregating $1079.72, and certain other claims, amounting in all to $1437.04.

For the purpose of reversing the order or judgment of the county court entered on March 9, 1895, the assignee,

Wallace C. Clark, sued out a writ of error in the Appellate Court, where, on the hearing, the judgment of the county court was affirmed, and for the purpose of reversing the judgment of the Appellate Court the assignee has appealed to this court.

WILBUR N. HORNER, for appellant.

HENRY A. HICKMAN, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

It will be observed that the order or judgment of the county court involved in this proceeding was entered upon a hearing on the petitions of creditors, answers thereto, and evidence introduced in open court. Upon an examination of the record it will be seen that the facts found by the court on the hearing, as recited in the order or judgment, are ample to sustain the order requiring the payment by the appellant of $1437.04,—the amount ordered paid by the court. If the appellant thought the evidence before the court was not sufficient to authorize the order or judgment, and desired to review the judgment on appeal or writ of error, the only mode in which he could do so was to incorporate the evidence heard by the court on the trial in a bill of exceptions, so that the evidence upon which the court predicated its judgment could be known, and considered on writ of error or appeal. This course was not, however, pursued. The record contains no bill of exceptions, and we have no means of knowing what evidence was introduced on the hearing before the court. Not, therefore, having the evidence before us, we cannot say the order or judgment was unauthorized by the evidence. If the proceeding is to be regarded as one at law, in the absence of a bill of exceptions it will be presumed that the evidence heard was ample to support the judgment; or, treating the proceeding as one in the nature of a proceeding in chancery, the

facts found by the court are ample to sustain the judgment. The record, therefore, before us discloses no ground for a reversal of the judgment.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*