GOMER E. HIGHLEY

*v.*

SOPHIA G. METZGER, EXRX.

</div>

<div align="center">*Opinion filed June 21, 1900.*</div>

| 186 | 253 |
| 102a | ²372 |
| 186 | 253 |
| 205 | 177 |

    1. SHORT CAUSE CALENDAR—*when denial of motion to strike from short cause calendar is not error.* Denial of a motion to strike cause from short cause calendar because the affidavit and notice would apply to either of two suits having the same title is not error, where the affidavit and notice were endorsed with the general and term number of the cause, copies of which were served on the objector, who might have resorted to the files and record..

    2. PLEADING—*proceeding to trial without similiter is not ground for reversal.* Proceeding to trial and judgment without formal *similiter* to a replication to a special plea is not ground for reversal, where it is clear from the whole record that appellant was not injured or prejudiced by such omission.

    *Highley* v. *Metzger*, 86 Ill. App. 573, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN C. GARVER, Judge, presiding.

STEERE & FURBER, for appellant.

LOESCH BROS. & HOWELL, for appellee.

Mr. CHIEF JUSTICE BOGGS delivered the opinion of the court:

The Appellate Court affirmed the judgment entered by the circuit court of Cook county against appellant, in favor of the appellee executrix, in the sum of $1496.58.

The action was assumpsit by the appellee executrix to recover on a promissory note executed by appellant to appellee's testator. The cause was placed on the short cause calendar, and on October 31, 1898, was called for trial, whereupon appellant presented a motion to strike it from such short cause calendar. The ground of the motion was, that two suits were pending between the same parties, both in assumpsit, and that the plaintiff and defendant in each of said suits were named and styled as in the other; that the affidavit and the notice to place the suit on the short cause calendar were so framed as to apply as well to one as to the other of the suits, for which reason it was alleged in an affidavit filed in support of the motion to strike the cause from the short cause calendar, the appellant and his counsel were unable to determine which of said causes it was the plaintiff desired to have placed on the short cause calendar. The court overruled the motion, and such ruling is assigned as for error.

It appeared the affidavit required by the statute in order a cause may be placed on the short cause calendar was filed as a part of the record in this cause by the clerk of the court on the 22d day of September, 1898, and that on the same day a copy of such affidavit and the notice

required in such cases were delivered to counsel for appellant, who, in writing, acknowledged receipt of such notice and copy of the affidavit. Such copy of the affidavit and the notice, bearing such written acknowledgment of counsel for appellant, was delivered to the clerk of the court on the same day and by that official filed as a part of the records and files in this cause. It was endorsed with the general and term numbers of this cause. If the appellant or his counsel were in doubt as to which of the cases the affidavit and notice applied, resort to the files and records of this cause would have removed all uncertainty. The court did not err in refusing to strike the cause from the short cause calendar.

It is complained the court proceeded to a hearing of the case and to entry of judgment against appellant despite the objection presented by appellant that the cause was not at issue. Nothing was wanting to put the cause formally at issue except a *similiter* on the part of appellant to a replication to appellant's special plea. The replication contained no new matter, but simply re-stated, by way of denial, the allegations of the plea and concluded to the country. A *similiter* thereto was but the merest formality. Its absence in nowise affected the admissibility of evidence or a full and fair hearing of the cause on the merits. The appellant refused to participate in the trial. It was not made to appear, by affidavit or otherwise, the appellant was not fully prepared and ready to present his testimony and make his defense, or that he had any defense to the action. He does not complain the judgment was not fully supported by the testimony produced at the hearing. From the whole record it is clear he was not injured or prejudiced by the absence of a formal *similiter*. It is a familiar rule, error merely technical in character and harmless in result is not ground for reversing a judgment:

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*