## W. J. Winterburn v. Frank W. Parlow.

1. PRACTICE—*A Similiter May Be Added After Verdict.*—The filing of a *similiter* is a matter of course and merely formal. It may be added even after verdict.

2. EVIDENCE—*Proof that a Copy of an Instrument Only Is on File, No Evidence that the Original Is Not.*—Proof that it is a copy only, of an instrument which is on file, is not competent proof that the original is not on file.

3. SHORT CAUSE CALENDAR—*Motions to Strike Causes from, to be Made in Apt Time.*—A motion to strike a cause from the short cause calendar must be made in apt time, or the right to the motion will be lost.

**Appeal** from the Circuit Court of Cook County; the Hon. ALONZO K. VICKERS, Judge presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed June 5, 1902.

ADOLPH MARKS, attorney for appellant.

Winterburn v. Parlow.

CHARLES LANE, attorney for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment rendered in favor of appellee and against appellant for the sum of $760.80, in an action of assumpsit on promissory notes.   The cause was on the short calendar of the court, and when it was called for trial appellant's attorney moved the court to strike the cause from the short calendar, on the ground that no affidavit was filed with the clerk of the court, as provided by the statute.   The court overruled the motion, and the cause proceeded with the result stated.   Appellant made no defense on the merits, but relied, and now relies, on his motion and the overruling thereof.

Appellant, in support of his motion, introduced the following :

" STATE OF ILLINOIS, ⎱ ss.
    Cook County.       ⎰
            In the Circuit Court of Cook County.
FRANK W. PARLOW ⎱ ASST. 215,494.
        vs.        ⎰      15,144.
W. J. WINTERBURN. 

Charles Lane, being first duly sworn, deposes and says that he is the attorney for the plaintiff in the above entitled suit at law now pending in said court, and that this affiant verily believes the trial of said suit will not occupy more than one hour's time.

                                        CHARLES LANE.
Subscribed and sworn to before me this 25th day of March, A. D. 1901.

                            MABEL K. BACKENSTO,
[SEAL.]                            Notary Public."

" STATE OF ILLINOIS, ⎱ ss.
    Cook County.       ⎰
            In the Circuit Court of Cook County.
FRANK W. PARLOW ⎱ ASST. 215,494.
        vs.        ⎰      15,144.
W. J. WINTERBURN. 

To ADOLPH MARKS, ATTORNEY FOR SAID DEFENDANT:

Take notice, that on the 25th day of March, A. D. 1901, an affidavit, of which the foregoing is a copy, was duly filed in said suit, and that the clerk of said court will place

said suit on the short cause calendar for trial, as by statute provided.

Dated Chicago, March 25, 1901.

CHARLES LANE,
Attorney for Plaintiff."

The following indorsement is on the back of said notice and affidavit for short cause calendar:

" Service of a copy of the within notice is received this 25th day of March, A. D. 1901.

ADOLPH MARKS,
Attorney for Deft.

Filed March 25. 1901.

JOHN A. COOKE, Clerk."

It will be observed that the date of the document, and also the date of filing the same, is March 25, 1901. The case was called for trial and the motion to strike the cause from the short cause calendar made May 27, 1901.

The appellant's counsel, in his argument, assumes that the foregoing document was only a copy, and that it, the copy of affidavit and the notice, was all that was filed with the clerk of the court. Counsel is warranted in assuming that the part of the document which precedes the notice is a copy of an affidavit, because the notice so states; but we do not think him warranted in assuming that the document, including the copy of affidavit and the notice, was the only document filed with the clerk. It is recited in the bill of exceptions that the motion is made " for the reason that there has no affidavit been filed with the clerk of the court, authorizing said clerk to place said cause on the short cause calendar, as the statute provides.". It was clearly incumbent on appellant to prove, in support of his motion, that an original affidavit, such as the statute provides, was not filed with the clerk, and proof that the document above quoted was filed with the clerk is not such proof. Proof that a certain document was filed falls far short of proving that it was the only document filed. Section 1 of the short cause calendar act, omitting the enacting words, is as follows:

" That it shall be the duty of the clerk of each court of

Winterburn v. Parlow.

record in this State to prepare a trial calendar, in addition to the regular trial calendar of each court, to be known as the 'short cause calendar.' Upon the plaintiff, his agent or attorney, in any suit at law pending in any court of record, filing an affidavit that he verily believes the trial of said suit will not occupy more than one hour's time, and upon ten days' previous notice to the defendant, his agent or attorney, said suit shall be placed by the clerk upon said short cause calendar."

By this section two things are made conditions precedent to placing a cause on the short cause calendar, viz., the filing with the clerk of an affidavit such as is prescribed by the statute, and the giving ten days' notice to the defendant or his agent or attorney. Manifestly, in order to warrant the clerk in placing a cause on the short cause calendar, evidence, at least *prima facie*, must be furnished to him that the notice required by the statute has been given, and such evidence may consist of the notice and the acknowledgment of service thereof by the defendant, or his agent or attorney, or proof by affidavit of service thereof. Proof that the copy of the affidavit preceding the notice and made a part thereof was filed with the clerk, is not proof that the original affidavit was not filed with the clerk. It is entirely proper for the clerk to file both the original affidavit and the notice. The appellant did not, in support of his motion, introduce any evidence that the notice, including the copy of affidavit, was the only document filed with the clerk.

The presumption, in the absence of evidence to the contrary, is that the clerk did his duty. 1 Jones on Ev., Sec. 38; People v. Auditor, 2 Scam. 567; Evans v. School Commissioners, 1 Gilm. 654, 658; Connell v. Watkins, 71 Ill. 488.

It was the duty of the clerk, before placing the cause on the short cause calendar, to see that an original affidavit was made and filed, and also to require evidence that proper notice had been served on the opposite party, his agent or attorney, and these conditions precedent having been complied with, it was his duty, on the tenth day from the service of the notice, to place the cause on the short cause calendar, and it must be presumed that he performed these

duties, in the absence of evidence to the contrary. The tenth day after service of the notice was April 4, 1901; the case was called for trial, and appellant's motion made May 27, 1901, seven and one-half weeks after the cause was on the short cause calendar. In that interval the whole of the April term, 1901, elapsed. The motion, even though the cause was irregularly on the short cause calendar, was too late. Johnston v. Brown, 51 Ill. App. 549; Stewart v. Carbray, 59 Ib. 397; Wheatley et al. v. Chicago T. & S. Bank, 64 Ib. 612; Belinsi v. Brand, 76 Ib. 404; Highley v. Metzger, 86 Ib. 573, and 186 Ill. 253.

The general issue was filed by appellant, but no *similiter* was added by plaintiff, and appellant's counsel urge that therefore the cause was not at issue. This objection was not made in the trial court in support of appellant's motion, and therefore can not be availed of here. The adding a *similiter* is a matter of course, and merely formal. Highley v. Metzger, 186 Ill. 253.

Appellant's plea of the general issue concludes with "&c.," and in such case a *similiter* may be added even after verdict. 1 Chitty on Pl., 5th Am. Ed. 564.

The judgment will be affirmed.