## CHARLES B. EGGLESTON *et al.*

*v.*

## THE ROYAL TRUST COMPANY.

*Opinion filed October 26, 1903—Rehearing denied December 2, 1903.*

1. APPEALS AND ERRORS—*evidence presumed sufficient in absence of bill of exceptions.* In the absence of a bill of exceptions, on appeal in a suit at law it will be presumed the evidence heard by the trial court was sufficient to sustain its judgment.

2. SAME—*when the Supreme Court will not disturb order refusing to set aside default.* A motion to set aside a default is addressed to the sound legal discretion of the court, and unless such discretion is abused the Supreme Court will not interfere, on appeal.

3. AFFIDAVITS—*when affidavit in support of a motion to set aside default is defective.* An affidavit in support of a motion to set aside a default is insufficient if it fails to show that the defendant has a meritorious defense to the claim, or any part thereof.

4. PRACTICE—*what necessary to authorize placing of cause on short cause calendar.* To authorize placing a case on the short-cause calendar the plaintiff must file with the clerk the affidavit prescribed by the statute, and ten days' notice must be given to the defendant; but it will be presumed, in the absence of evidence, that the clerk gave the notice as required by law.

5. ATTORNEY AND CLIENT—*negligence of attorney is binding upon client.* Negligence by defendant's attorney in not moving to strike a case from the short-cause calendar after receiving notice, and in failing to ascertain when the case would be called for trial, is binding upon the defendant.

6. STIPULATIONS—*stipulation construed.* A written stipulation by which the parties agree that an order dismissing a cause set on the short-cause calendar and entering judgment for the defendants may be vacated "and the cause be re-instated on the general calendar," does not preclude placing the case on the short-cause calendar after its re-instatement on the general calendar.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN C. GARVER, Judge, presiding.

This case has been before us before, and is reported as *Eggleston* v. *Royal Trust Co.* 192 Ill. 101. It appears from the opinion, filed in the case of *Eggleston* v. *Royal Trust*

*Co. supra,* that, on October 30, 1899, the circuit court of Cook county entered a judgment in favor of defendant in error against plaintiffs in error for $17,587.50; that, at the same term, plaintiffs in error entered their motion in said court to set aside said judgment, which motion was continued to the next term, when it was heard and denied; that plaintiffs in error excepted to the ruling and order of the court, and prayed an appeal to the Appellate Court for the First District, which was allowed upon filing their appeal bond in the sum of $19,000.00 to be approved by the court within twenty days, and their bill of exceptions within sixty days; that their appeal was allowed on November 11, 1899, and the appeal bond was approved by the court and filed on November 27, 1899, in pursuance of the order allowing the appeal; that the bill of exceptions was filed on December 7, 1899, within the time allowed by the order of the court; that afterwards the Appellate Court dismissed the appeal of its own motion for want of jurisdiction, on the ground that the appeal bond recited the recovery of the original judgment and an appeal therefrom, instead of an appeal from the order denying the motion to set aside the judgment; that the writ of error in that case was sued out to review the judgment of the Appellate Court dismissing the appeal. We there held that the judgment of the Appellate Court, dismissing the appeal, was wrong, and reversed the judgment of the Appellate Court dismissing the appeal, and remanded the cause to that court with directions to consider and determine the cause upon the error assigned upon the record. In pursuance of the decision so made, the Appellate Court has considered the cause, and affirmed the judgment of the circuit court. The present appeal is from such judgment of affirmance.

N. M. JONES, for appellants.

GEORGE I. HICKS, (HAMLINE, SCOTT & LORD, of counsel,) for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This case was tried on October 30, 1899, upon the short-cause calendar before a judge sitting in the circuit court of Cook county, and a jury. The action is upon a promissory note, and the plea was the general issue, with affidavit of merits thereto attached of a defense upon the merits as to $3569.79 of the amount sued for. When the trial took place, neither of the appellants was present, nor was their attorney present. There is no bill of exceptions in the record, showing what took place at said trial, or showing the evidence upon which the verdict and judgment were rendered.

As the proceeding was one at law, it will be presumed, in the absence of a bill of exceptions, that the evidence heard was ample to support the judgment. (*Clark* v. *Burke*, 172 Ill. 109). Where a court of superior general jurisdiction has proceeded to adjudicate and render judgment in a matter before it, all reasonable intendments will be indulged in favor of its jurisdiction. (*Hansen* v. *Schlesinger*, 125 Ill. 230; *Osgood* v. *Blackmore*, 59 id. 261). Where there is no bill of exceptions in the case, the presumption arises that the necessary proof was introduced in the court below to sustain the findings of the judgment, and the allegations of the pleadings. (*Boyles* v. *Chytraus*, 175 Ill. 370).

But on November 3, 1899, the defendants below, the present appellants, moved to set aside the judgment, and in support of such motion read certain affidavits. The bill of exceptions in the record shows what took place upon the motion, subsequently made to set aside the judgment rendered on October 30, 1899, and not what took place at the trial, which resulted in the judgment. The general ground, upon which the motion to set aside the judgment was based, is that the case, when called for trial, was improperly upon the short-cause calendar. The

facts upon this subject, set up in the affidavits, are substantially as follows:

In March, 1899, appellee caused the case to be put on the short-cause calendar before one of the judges of the circuit court. On April 3, 1899, the cause was called for trial, and, upon motion of attorney for the defendants—the present appellants—was dismissed for want of prosecution, at the plaintiff's costs, and execution ordered to issue therefor. On April 7, 1899, the order of dismissal and judgment, entered on April 3, 1899, were set aside and vacated upon the stipulation of the parties, and the cause was re-instated.

It is claimed by the appellants, and their attorney, that they consented to a setting aside of the order of dismissal, and to a re-instatement of the cause, upon the agreement of counsel for appellee that the cause should not be put upon the short-cause calendar; and the motion to set aside the judgment, rendered on October 30, 1899, was based upon the contention on the part of appellants and their counsel, that the cause was placed upon the short-cause calendar, and reached and disposed of while on that calendar, in violation of such stipulation or agreement, claimed to have been made by counsel for appellee.

There was a written stipulation, entered into between the attorneys for appellee and appellants, and signed by both of them. This written stipulation is as follows: "It is hereby stipulated and agreed between the parties hereto by their respective attorneys that the order, entered in said cause on the third day of April, 1899, dismissing said cause and entering judgment for defendants herein, be vacated and said cause be re-instated on the general calendar." So far as the record shows, this was the only stipulation in writing entered into between the parties, and, while the stipulation provides for the re-instatement of the cause on the general calendar, and not on the short-cause calendar, it contains no agree-

ment that the cause might not thereafter be put upon the short-cause calendar in accordance with the terms of the statute. The order re-instating the cause, as entered by the court, is as follows: "On the stipulation of the parties to this suit filed herein, it is ordered that the order of dismissal and judgment heretofore on April 3, 1899, entered herein, be, and the same is, hereby set aside and vacated, and this cause re-instated on the several dockets of this court." There is nothing in this order, which refers to the stipulation of the parties, stating or implying that the appellee, the plaintiff below, was not at any time to put the cause upon the short-cause calendar. Therefore, if there was a stipulation, that the case, when re-instated, should remain on the general calendar, and not again be put for trial upon the short-cause calendar, it must have been a verbal, and not a written, stipulation.

Appellants were informed by the steps taken by the attorney for appellee, that it was the intention of the latter again to put the cause upon the short-cause calendar. The statute in regard to short-cause calendars provides as follows: "That it shall be the duty of the clerk of each court of record, in this State, to prepare a trial calendar, in addition to the regular trial calendar of each court, to be known as the 'short-cause calendar.' Upon the plaintiff, his agent or attorney, in any suit at law pending in any court of record, filing an affidavit that he verily believes the trial of said suit will not occupy more than one hour's time, and upon ten day's previous notice to the defendant, his agent or attorney, said suit shall be placed by the clerk upon said short-cause calendar." (3 Starr & Curt. Ann. Stat.—2d ed.—pp. 3165, 3166.) On June 20, 1899, after the cause had been re-instated, the attorney for appellee filed an affidavit in accordance with the statute, and gave notice to the attorney for the appellants of the filing of said affidavit on June 20, 1899, and that the clerk of the circuit court would place said suit on the short-cause calendar for trial, as provided by

statute. Service of a copy of this notice was accepted
on June 20, 1899, by the attorney for appellants. On
August 9, 1899, the judge of the circuit court, on whose
calendar the cause was placed, was assigned to the crim-
inal court for the ensuing year, and, on August 31, 1899,
a judge of the circuit court, then holding court, entered
an order that all cases, which had been noticed for the
short-cause calendar previous to vacation, and were still
pending. on said calendar and undisposed of, should be,
and the same were thereby, stricken from the said short-
cause calendar without prejudice, and that new notices
should be given, as provided by statute, to re-place said
causes upon the short-cause calendar, and that said no-
tices might be filed on and after September 1, 1899.

. What was thus done by attorney for the appellee on
June 20, 1899, was notice to the attorney of the appel-
lants that the appellee intended to put the cause upon
the short-cause calendar. It does not appear, however,
that the attorney for the appellants took any steps to
have the cause stricken from the short-cause calendar
between June 30, 1899, when the ten days, mentioned in
the statute, expired, and August 31, 1899, when said last
mentioned order was entered.

In pursuance of the order, so entered by the circuit
court on August 31, 1899, the attorney for the appellee
on September 2 filed another affidavit under the statute,
and in accordance therewith, for the purpose of putting
the cause upon the short-cause calendar, and on the same
day, to-wit, September 2, 1899, a copy of a notice, that
attorney for the appellee had filed the requisite affidavit
on September 2, 1899, and that the clerk would place said
suit on the short-cause calendar for trial as provided by
statute, was received by the attorney of appellants, and
service of such notice was acknowledged by the latter.

Two things are required by the statute in order to
justify the placing of a cause on the short-cause calen-
dar; first, the filing with the clerk of an affidavit such as

is prescribed by the statute, and second, the giving of ten days' notice to the defendant, or his agent, or attorney. The presumption, in the absence of evidence to the contrary, is that the clerk did his duty in this particular. There is no evidence here that the clerk did not so perform his duty. The tenth day after the service of the notice of September 2, 1899, was September 12, 1899. The call of the short-cause calendar did not begin until October 30, 1899, and consequently the case at bar was not reached for trial on that calendar until October 30, 1899, when the judgment here under consideration was entered. If appellants regarded the cause as improperly upon the short-cause calendar because of the violation of an oral stipulation between the attorneys in the case by putting the cause upon that calendar, appellants should have made a motion, between September 12, 1899, and the time when the cause was reached for trial on the short-cause calendar, to strike the same from the short-cause calendar. No such motion, however, was made. It is true, that the judge, upon whose docket the cause was originally placed for trial upon the short-cause calendar, had been assigned to duty in the criminal court of Cook county, and another judge outside of that county had been assigned to call the short-cause calendar. But, inasmuch as the attorney for the appellants had been served with notice on September 2, 1899, of the filing of the necessary affidavit required by the statute, a resort to the files and records of the court would have enabled him to discover before what judge the short-cause calendar, upon which, according to the notice, the cause was put, was to be called.

It appears, that not only did the attorney for the appellants fail to make a motion to strike the cause from the short-cause calendar during the period of nearly two months, which elapsed before it was re-placed upon such calendar and before it was reached for trial thereon, but it also appears that, when the cause was called for trial

on October 30, 1899, the attorney for the appellants was not present, and made no objection to the trial of the case upon the short-cause calendar on October 30, 1899. (*Anderson* v. *McCormick*, 129 Ill. 308; *Belford* v. *Beatty*, 145 id. 414; *Winterburn* v. *Parlow*, 102 Ill. App. 368; *Highley* v. *Metzger*, 186 Ill. 253).

It seems to be conceded by counsel on both sides, although no rule of court in relation to such matter was introduced in evidence, that both parties, or their attorneys, were bound to take notice of notices published in the Chicago *Law Bulletin.*    It appears from the evidence that the Chicago *Daily Law Bulletin*, containing the announcements and calls of the several courts of Cook county, announced on Friday, October 27, and on Saturday, October 28, that the short-cause calendar would be called on the following Monday, and that the first case on that call would be 15,622, Royal Trust Co. *vs.* Eggleston.    There is an affidavit by a clerk in the office of the attorney of appellants, that it was a part of his duties, as such clerk, to look over the Chicago *Law Bulletin* from day to day, and to keep track of cases and memoranda thereon; that he looked over the bulletins, which were published on Saturday and Monday, October 28 and October 30, and did not observe, that the above cause was on the short-cause calendar on either of said days, and did not know that the same had been placed upon said calendar, or that any judgment had been entered in said case, until November 2, 1899.

It is thus clear from the affidavits, filed upon the motion to set aside this judgment, that the appellants not only failed to make any motion to strike the cause from the short-cause calendar before it was reached for trial, but that they did not use such due diligence, as they ought to have used, in discovering when it was to be called for trial, as announced upon the bulletin.    Whatever want of diligence there is on the part of the attorneys binds the clients.    (*Staunton Coal Co.* v. *Menk*, 197 Ill. 369).

But there is a fatal defect in the affidavits, filed by the appellants in support of their motion to set aside the judgment in this case, which justified the trial court in refusing to sustain the motion. That defect is, that the affidavits fail to show, that the defendants below had any meritorious defense to the claim, or any part of the claim against them, which was the subject matter of the suit. It has always been a well settled rule in this State, that a motion to set aside a default is addressed to the sound legal discretion of the court, and, unless it appears that such discretion has been wrongfully and oppressively exercised, this court, on appeal, will not interfere. (*Culver* v. *Brinkerhoff,* 180 Ill. 548, and cases there cited). It does not appear here, that there was any abuse of the discretion of the court. In *Constantine* v. *Wells,* 83 Ill. 192, we said: "But if appellant had been free from negligence, the court was not bound to set aside the default, unless it appeared that he had a meritorious defense to the action."

In *Roberts* v. *Corby,* 86 Ill. 182, where a suit was tried in the absence of the defendant and his counsel, and an affidavit was made to set aside the finding, and for a new trial, we said: "It is sufficient to say of appellant's affidavit, that he does not state any facts, from which the court can see he had any substantial defense to appellee's claim. He says he has a good and valid defense. * * * But this is a conclusion of law to be drawn from facts, and not the statement of a fact. He should have stated the facts as he can prove them, so that the court would have been enabled to draw its own conclusions of law." The doctrine, thus announced in *Roberts* v. *Corby, supra,* was re-affirmed by this court in *Culver* v. *Brinkerhoff, supra.* In the case at bar, one of the affidavits states that the appellants claim a good defense to a part of the judgment, but does not state what that defense is, and fails to set up the facts, constituting such defense. In this respect the affidavit was wholly insufficient,

For the reasons above stated, we are of the opinion that no error was committed by the lower courts; and accordingly the judgment of the Appellate Court, affirming the judgment of the circuit court, is affirmed.

Judgment affirmed.