## James B. Nelson v. Francis Beidler & Company.

### Gen. No. 13,185.

1. ABSTRACT—*when insufficient to present errors relied upon.* An abstract which does not purport to set out any of the contents of the bill of exceptions does not present errors assigned upon rulings with respect to matters other than pleadings.

2. SHORT CAUSE CALENDAR—*when notice filed within two days after service.* A notice served on the 18th and filed on the 21st, is, under the law, filed within two days after service.

3. SIMILITER—*effect of failure to add.* The failure to add a *similiter* to a plea of *non assumpsit* is a mere formal defect which is waived by proceeding to trial.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Affirmed with damages. Opinion filed June 14, 1907.

ALFRED F. TOMPKINS, for appellant.

NEWMAN, NORTHRUP, LEVINSON & BECKER, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the defendant from a judgment for $526.35 recovered against him in the Superior Court upon his promissory note for $500, in an action brought by the payee of said note. The grounds of reversal urged are: first, that the notice given by the plaintiff to place the cause on the short cause calendar was not filed with the clerk within two days after service thereof, as required by the rule of the Superior Court, and, second, that the cause was not at issue at the time the cause was placed on the short cause calendar, because no *similiter* had been added to defendant's plea of *non-assumpsit,* and the rules of the Superior Court provide that no case shall be placed on the short cause calendar until the same is at issue.

The abstract shows that a bill of exceptions was "signed and sealed by the trial court," but does not purport to set out any part of the contents thereof. The abstract therefore is not sufficient to present either of the errors relied upon, and for that reason the judgment must be affirmed.

We have, however, examined the record in order to dispose of the contention of appellee that the appeal was taken for delay, and that damages for such delay should be allowed. The notice was served Friday, May 18, 1906. It was filed in the clerk's office Monday, May 21. Under the statutory computation of time this was a compliance with the rule of court.

"The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Sunday, and then it shall also be excluded." R. S. ch. 131, sec. 1, clause 11.

The adding of the *similiter* to the plea of *non-assumpsit* was but the merest formality. It might have been added by the defendant, and the trial court properly treated the cause as if the *similiter* had been added and the cause formally put at issue. Highley v. Metzger, 186 Ill. 253; Hefling v. Vanzandt, 162 *id.* 162.

We think that the appeal was taken only for delay, and the judgment will be affirmed with five dollars damages.

*Affirmed with damages.*