---

(No. 12750.—Judgment affirmed.)
THE LIBERTY FOUNDRIES COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(MILO ARLOW, Defendant in Error.)

*Opinion filed October 27, 1919.*

WORKMEN'S COMPENSATION—*circuit court may exercise discretion on motion to vacate judgment.* A motion to vacate a judgment on an award, which judgment was entered after due notice to the employer, is addressed to the discretion of the court, and where no good reason is shown why payments were not made to the claimant or why there was no appearance to contest the application for judgment there is no abuse of discretion in denying the motion.

WRIT OF ERROR to the Circuit Court of Winnebago county; the Hon. ROBERT K. WELSH, Judge, presiding.

FISHER, NORTH, WELSH & LINSCOTT, for plaintiff in error.

ROY F. HALL, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

The circuit court of Winnebago county entered a judgment on the award of the arbitrator, which by lapse of time, as required by statute, became the award of the Industrial Commission upon due notice to the plaintiff in error, who had neglected to pay the same according to the award. The circuit court refused to certify that the cause was one proper to be reviewed by this court and a writ of error was allowed here.

On December 23, 1918, an award was made by an arbitrator of the Industrial Commission in favor of the defendant in error and against the plaintiff in error in the sum of $10.10 per week for a period of eight weeks of temporary total incapacity for work and a further sum of $10.10 per week for a period of ten weeks, as provided in paragraph (*e*) of section 8 of the Workmen's Compensation act as amended, for the reason that the injuries sustained caused a permanent and complete loss of five per cent of the use of the left arm of the petitioner, all for an injury which occurred on the 7th day of June, 1918, while both parties were operating under the provisions of the above act. The total amount of compensation is the sum of $181.80, which had accrued and was due at the time the award was entered. Notice of the award was received by the plaintiff in error January 3, 1919. No petition for review by the Industrial Commission was filed. On February 5, 1919, notice as provided by paragraph (*g*) of section 19 of the Compensation act was filed with the Industrial Commission, and on that day notice was mailed to the plaintiff in error. The notice in substance recited the fact of the award having been made and that no petition for review had been filed, and notified the plaintiff in error that on February 21, 1919, at nine o'clock A. M., the defendant in error would present to the circuit court of Winnebago county a certified copy of the proceedings before

the Industrial Commission and ask for a judgment for the amount of the award, with reasonable attorney's fees, as provided by statute. No one appeared at the time the motion for judgment was considered in the circuit court, and thereupon judgment was entered for $183.27, being the amount of the award and accrued interest, and attorney's fees were taxed as a part of the costs of the proceedings before the Industrial Commission and in the circuit court at $60. On February 22, 1919, plaintiff in error moved the court to vacate said judgment, in which motion the facts of the award and the receipt of the notice of application for judgment were set out, and in support of said motion the plaintiff in error set forth that on the morning of February 21, at or before nine o'clock, the plaintiff in error informed the attorney for the defendant in error that the sum of $181.80, being the amount of the award, was in the hands and possession of John H. Camlin, of the city of Rockford, Illinois, for the purpose of paying the amount of the award upon delivery of a proper receipt by the defendant in error; that the defendant in error nevertheless filed a certified copy of the award in the circuit court, as herein set forth, upon which judgment has been entered and $60 attorney's fees taxed; that thereafter, at about eleven o'clock on the 21st day of February, the plaintiff in error tendered $181.80 in lawful money of the United States to Roy F. Hall, counsel for defendant in error, in satisfaction of the award; that this tender was refused; that the plaintiff in error was ready, willing and anxious to pay the full amount of said award, with legal interest, which was well known by the attorney for defendant in error before judgment was entered thereon. The circuit court overruled said motion and refused to vacate said judgment.

It is contended by the plaintiff in error that the circuit court erred in overruling the motion to vacate said judgment; that the court erred in rendering judgment on the certified copy of the award; that the court erred in con-

struing the Workmen's Compensation act to the effect that whenever an award is made it is payable to the claimant wherever he might be, instead of at the usual and customary place where the payment or payments of wages have been made.

It is not contended by plaintiff in error that defendant in error was not entitled to interest on the award from the date thereof at the rate of five per cent or that the allowance of an attorney's fee is excessive. The only question in this record, therefore, is whether or not the circuit court erred in refusing to vacate the judgment entered February 21. Plaintiff in error's motion to vacate this judgment was addressed to the sound legal discretion of the court, and unless it appears that such discretion has been abused this court will not interfere upon appeal. (*Eggleston* v. *Royal Trust Co.* 205 Ill. 170.) In this case it appears that the plaintiff in error had paid nothing to defendant in error as compensation from the time of the injury on the 7th day of June, 1918, up to and including February 21, 1919, the date of said judgment, and that the award was entered on December 23. It also appears that defendant in error had served a notice on February 5 that application would be made on February 21, 1919, for judgment. No good reason is shown why payments had not been made to the defendant in error or why there was no appearance to contest the application for judgment. On the whole of this record we are convinced that the circuit court did not abuse its discretion in denying the motion of plaintiff in error to vacate the judgment.

The judgment of the circuit court will therefore be affirmed.    *Judgment affirmed.*