JEFFERSON WEATHERFORD, appellant, *v.* JOHN WIL-SON, appellee.

*Appeal from Montgomery.*

Where the demurrer of the plaintiff to the pleas of the defendant, is sustained as to a part of them, and no decision is had as to the others, it is error in the Court to submit the cause to the jury, and render judgment on the verdict, without disposing of the demurrer as to the latter.

Where the demurrer of the plaintiff to the pleas of the defendant is overruled, the Court should render judgment for the defendant, unless the plaintiff obtain leave to withdraw his demurrer and reply.

*Semble,* That the filing of a replication tendering an issue where the *similiter* is not signed, does not cure the irregularity, unless leave be obtained to withdraw the demurrer and reply.

Under § 2 of the act of July, 1837, amendatory of the practice act, a party has a right to except to an opinion or decision of the Circuit Court, overruling a motion for a new trial; and where such motion is predicated upon the ground that the jury decided contrary to the evidence, the party is undoubtedly entitled to have the testimony spread out in a bill of exceptions. It is the duty of the judge to sign a bill of exceptions containing the testimony. If the judge has not preserved minutes of the testimony, he should permit the party excepting to make a statement of the evidence, and require it to be submitted to the opposite party for correction; and if the parties cannot agree, the judge should correct the bill from the best lights he possesses.

It is the duty of a party excepting to the opinion of the Court, to prepare a correct bill of exceptions, and tender it to the judge, and if the judge refuses to sign it, to apply to the Supreme Court for a writ of *mandamus.*

THIS cause was tried in the Court below, at the March term, 1839, before the Hon. Sidney Breese and a jury.   A verdict was rendered for the plaintiff for $ 883,33⅓.   Judgment was rendered on this verdict.   The defendant appealed to this Court.

S. T. LOGAN and D. A. SMITH, for the appellant.

CYRUS WALKER, USHER F. LINDER, and J. S. GREAT-HOUSE, for the appellee.

LOCKWOOD, Justice, delivered the opinion of the Court. : (2)

(1) *Ex parte* Reynolds, 1 Caines 500; Jackson *v.* Hasbrouk, 5 Johns. 366.
(2) Wilson, Chief Justice, was not present on the argument of this cause.

This was an action for *slander and libel,* commenced by Wilson against Weatherford. The declaration contains two counts. The first count alleges, that Wilson was a postmaster, and that Weatherford, in the presence of Junot, Dagger, and others, spoke of Wilson these false words, to wit, " Wilson broke open my letter containing money, without any authority from me ; " and these other false words, to wit, " A letter directed to myself, containing money, was broken open in the post-office, and handed to me by Wilson, with the seal yet wet ; and the letter was broken open without my authority." The second count states, that Weatherford made an affidavit in which he charged Wilson, being postmaster, with breaking open a letter containing money, directed to Weatherford, without authority from Weatherford.

From the confused manner in which this record is made out, it is almost impossible to ascertain with precision, how the various pleadings were disposed of. The following is a synopsis of the pleadings, as found in the record. The cause was originally commenced in the Macoupin Circuit Court, and the venue changed to Montgomery. The record states that the following pleas were filed before the change of venue, to wit, No. 1. to the first count, that the words spoken are true. After the plea, the words " Demurrer," " Joinder," appear on the record.

Plea No. 2, to the first count. The plaintiff did break open a letter to defendant, in which was enclosed a $ 20 bill, without any authority from defendant, and so he spoke the words as, &c. " Traverse and issue."

Plea No. 3, to the first count. The plaintiff did break open a letter directed to defendant, in which was enclosed a $ 20 bill, wherefore he spoke, &c. " Demurrer ; " " Joinder."

Plea No. 4, to the second count. The plaintiff did break open a letter, in which was enclosed a blank note for $ 20, wherefore defendant made and published the affidavit. " Demurrer ; " " Joinder."

Plea No. 5, to the second count. The plaintiff did break open a letter directed to defendant, in which was enclosed a $ 20 bank note, without authority ; wherefore defendant published said affidavit as, &c. " Demurrer."

Plea, not numbered in record, to the second count. The statements made in affidavit are true ; wherefore defendant published, &c. " Traverse and issue."

Plea No. 6, to both counts. The defendant says, before the supposed libel, and before the speaking the words, the plaintiff did break open a letter directed to defendant, in which was enclosed a $ 20 bill, without any authority from defendant ; wherefore he published the affidavit, and spoke the words as by law he might, &c. " Demurrer ; " " Joinder."

The above pleas, with the accompanying words of " Demur-

rer," "Joinder," "Traverse and issue," as above specified, were filed on the 12th of September, 1838. The record then states, that the plaintiff below, on the 13th September, 1838, filed a demurrer written out in full, to all the defendant's pleas, but it is not joined. On the 25th September, 1838, at the September term of the Montgomery Circuit Court, the following appears on the record. "This day came the parties by their attorneys, and the demurrer pleaded by the attorney for the plaintiff, is sustained as to the defendant's third and fourth pleas;" and at a subsequent day of the same term, the cause was continued on an affidavit of the defendant.

At the April term, 1839, of said Court, being the 3d day of April, the defendant, on affidavits, moved for a continuance, which being denied, (and to which defendant excepted,) the record there states, "and the issues being joined, thereupon came the jurors of the jury," who were elected, tried, and sworn, &c., and gave a verdict on the 4th of April, for the plaintiff. Thereupon the defendant moved for a new trial, on several grounds, one of which was, that the verdict was against the facts of the case, which being overruled, the defendant excepted. The bill of exceptions states, that "the counsel for the defendant offered to have the facts of the cause as stated by the witnesses respectively, spread out in this bill of exceptions, which offer the Court refused, on the ground that the testimony had not been taken in writing by the Court."

The record then contains some unnecessary and irrelevant matters, and then says, "And afterwards, at the same term of the same Court, the plaintiff, by his attorneys, filed the following replication." This replication tenders an issue to the defendant's first, second, fifth, and sixth pleas. It does not, however, appear that the defendant's counsel signed the *similiter*, nor does it appear that the plaintiff obtained leave of the Court to withdraw any of the demurrers in the cause.

On the 6th of April, 1839, the Court below gave judgment for the plaintiff on the verdict.

Among other errors assigned are the following, first, that the Court erred in not rendering judgment for the appellant, on overruling the appellee's demurrer to the appellant's first, fifth, and sixth pleas; and secondly, in refusing to spread out in the bill of exceptions, the evidence given in the case, on overruling the appellee's motion for a new trial.

From the synopsis of the pleadings that we have made, it does not appear that any decision was made by the Court below on the demurrer to the first, fifth, and sixth pleas. The record only states, that the demurrer to the defendant's third and fourth pleas, was sustained. This decision left the demurrer to the first, fifth, and sixth pleas undecided. That both parties understood the demurrer to these pleas to be overruled, is evident from the fact

that the appellant has assigned for error, that the Court below did not render judgment for him on such decision.    And the appellee, subsequently to the trial, filed a replication to these pleas, but without having obtained leave of the Court, either before or after the trial, to withdraw his demurrer and reply.    Assuming it then as true, that the demurrer to these pleas was overruled, and the pleas held good, it was the duty of the Court below to have given judgment for the defendant, unless the plaintiff obtained leave to withdraw the demurrer and reply.    These pleas were in bar to both counts in the declaration, and, if good, barred the action. But assuming the fact to be that the demurrer to these pleas is still undecided in the Court below, it was error to have given judgment on the issues joined, without having first decided on the validity of these pleas.    Take, then, either view, and the judgment below is erroneous.

In relation to the second error relied on, we are of opinion that the appellant has mistaken his remedy.    By the second section of the act entitled, " *An Act to amend the Act entitled an Act concerning practice in Courts of Law,*" (1) passed 21st July, 1837, (2) a party has a right to except to opinions or decisions of the Circuit Court, in overruling motions for new trials.

When the motion for a new trial is predicated upon the assumption that the jury decided contrary to the evidence, the party is undoubtedly entitled to have the testimony spread out in a bill of exceptions, to enable him to assign for error in this Court, any error that may have intervened in overruling such motion.    When such a case is brought into this Court, it is our duty to make such decision as the Court below should have made.    How can this Court know whether the Circuit Court decided correctly in refusing to grant a motion for a new trial, because the jury decided contrary to evidence, unless that evidence is furnished to this Court ?    It was no doubt the duty of the judge below to have signed a bill of exceptions containing the testimony ; and if the judge, as stated by him, had not preserved minutes of the testimony, he should have permitted the party to have made out a statement of the evidence, and required it to be submitted to the opposite party for correction ; and if the parties could not agree what the evidence was, the judge should then have corrected the bill with the best lights he possessed.    It was the defendant's legal right to except, and the omission of the judge ought not to prejudice that right.    We think, however, it was the duty of the defendant's counsel to have prepared a correct bill of exceptions, and tendered it to the judge, and then, if the judge had refused to sign it, the proper course would have been to have applied to this Court for a *mandamus.* ·

(1)  Acts of July, 1837.                    (2)  Gale's Stat. 540.

The judgment is reversed with costs, and the cause remanded, with instructions to the Court below to decide the demurrer to the first, fifth, and sixth pleas, and thereupon proceed in the cause according to law, and the practice of the Court.

*Judgment reversed.*