THE PEOPLE *ex rel.* Hugh Maher

*v.*

ERASTUS S. WILLIAMS.

1. CERTIFICATE OF EVIDENCE—*when may be signed after time fixed.* Where an order, granting an appeal in a chancery suit, gives thirty days to the party to prepare a certificate of the evidence and present it to the judge for signature, but before the expiration of such time, the judge leaves the State, without signing the same, the party will have the right to have the same signed after the return of the judge, and after the expiration of the time originally fixed, when he is not chargeable with *laches,* and this court will grant a writ of *mandamus* to compel the judge to sign a proper certificate.

2. CHANCERY PRACTICE—*preserving the evidence.* When oral evidence is heard in a chancery suit, it is the duty of the court to see that the testimony is in some mode incorporated into the record.

3. If the judge, hearing a chancery suit upon oral testimony, can not remember the evidence, he may send for the witnesses who testified before him and examine them again, and in this or some other way ascertain the facts to be incorporated into the certificate of evidence. If a phonographic report is taken by a reporter, that may be resorted to.

4. This court will not by *mandamus* compel a circuit judge to sign a particular certificate of evidence as presented to him. He must determine its accuracy before signing it, and he will not be required to sign one he does not believe to be correct.

This was an application in this court, by the relator, for a writ of *mandamus* to compel Erastus S. Williams, the respondent, to sign a certificate of evidence in a certain chancery suit tried before him. The opinion states all the material facts.

Mr. JESSE COX, JR., for the relator.

Mr. JOHN J. KNICKERBOCKER, and Mr. GEO. W. SMITH, for the respondent.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was a petition for a writ of *mandamus* to compel Erastus S. Williams, one of the judges of the circuit court of Cook

county, to sign and seal a certificate of evidence in a certain cause in chancery which had been tried before him. An answer was filed to the petition, to which a demurrer was interposed. The question, therefore, to be determined is, whether the facts set up in the answer constitute a legal defence to the case made in the petition.

It appears, from the answer, that the final decree in the chancery cause in which the certificate of evidence is desired, was filed on the 29th day of June, 1875, at which time an appeal was prayed by the petitioner, and granted upon his filing bond in the sum of $300 and a certificate of evidence within 30 days. The bond was filed and approved within the time allowed, but before the expiration of the 30 days, and on or about the 16th day of July, respondent left the city of Chicago and the State of Illinois for "his summer vacation," and remained abroad until the 18th day of September. After his return, and in the month of September, petitioner's counsel called respondent's attention to the fact that the certificate of evidence had not been signed. Respondent then requested petitioner's counsel to notify the counsel interested on the other side of the case, when he desired to present the certificate of evidence for respondent's signature.

It also appears, from the answer, that on the 26th day of October the certificate was presented for signature. All the parties in interest being present, the counsel for defendant in the chancery cause objected to the certificate being signed, and claimed petitioner had lost his right by *laches.* Respondent, however, overruled the objection, and announced that he would sign a certificate of evidence whenever he was satisfied the one presented was correct. Time was then given counsel for defendant to examine the certificate, and it was not again presented until the 25th day of February, 1876, when respondent refused to sign the same, because it was incorrect, but notified counsel for petitioner if they would correct it so that it would conform to the facts, he would still sign it.

It also appears, from the answer, that again, on the 11th

day of March, 1876, a certificate of evidence was presented, but the matter was postponed to allow counsel for defendant in the chancery case an opportunity to examine it, and afterwards, and on the 17th day of May, a certificate of evidence was again presented, but defects and errors appearing in the same, respondent declined to sign it, but announced, if he could be satisfied by a consultation with B. G. Caulfield, one of the attorneys who was present when the cause was tried, what the evidence in the case was, he would still sign a certificate of evidence.

On the 26th day of December, 1876, the certificate of evidence was again presented, but defendant refused to sign it, upon the ground and for the reason that he was not satisfied the same was a true and correct transcript of the evidence.

Under the order of the court granting the appeal, the petitioner had 30 days in which to prepare a certificate of evidence and present it to the judge to be signed, but before the time expired the judge left the State, and the petitioner was thus prevented from appearing before the judge and obtaining his signature to the certificate. Under such circumstances, the petitioner ought not to be prejudiced on account of the absence of the judge from the State. *Laches* ought not to be imputed to him where the failure to comply with the order was occasioned by the act of the judge, over whom he had no control.

It appears that some time after the judge returned counsel for petitioner called his attention to the matter, and upon being informed that counsel representing the defendant in the case would have to be notified, it was but a short time before notice was given, and the parties all appeared before the judge to have the matter disposed of. At the very first meeting of the parties, it was contended by the counsel for the defendant that petitioner was too late,—that the time had expired, and the certificate of evidence could not then be signed, but the judge held, and properly too, that the presentation of the certificate on account of the absence of the judge from the State, under the circumstances, was in apt time.

It would be an act of gross injustice for a circuit judge to allow a party 30 or 60 days to file a certificate of evidence in a case, then leave the State on pleasure or business, remain out of the State until the time expired, and then hold that the party was barred by lapse of time. The petitioner had the right to take his case, if he saw proper, to an appellate court. To do so, it became necessary to incorporate the evidence taken on the trial into the record, and we do not think he should be deprived of his legal rights by the acts of others over whom he has no control, when he has not been in fault himself.

If, then, the presentation of the certificate of evidence for execution was in time, as we are clearly satisfied it was, the next question that arises is, whether petitioner has, since that time, through negligence or a failure to prosecute the matter with proper diligence, lost his rights.

The consideration of the matter was postponed from time to time for the purpose of giving opportunity to examine the certificate of evidence for amendment until the 26th day of December, 1876, when the judge finally dismissed the matter on the alleged ground that the certificate of evidence presented was incorrect, and that he was not able to determine what the evidence was on the trial, so that a correct certificate of evidence could be prepared. It may be true that the petitioner did not press this matter and follow it up as regularly as he might have done, still there seems to have been no such *laches* as should bar the right to have the evidence introduced on the trial incorporated into the record.

The delay was mainly caused by counsel who represented the defendant in the suit, who requested time to examine the certificate before it should be signed, and it would not be right to permit them to reap an advantage from a delay for which they are, to a great extent, responsible. Indeed, where oral evidence is heard in a chancery case, it is the duty of the court to see that the evidence is in some mode incorporated into the record.

In *White* v. *Morrison,* 11 Ill. 361, it is said: "It may be stated in the decree, in a bill of exceptions, in a certificate of the judge, or in a master's report. We conceive it to be the duty of the circuit court to see that the testimony is incorporated in the record in some one of these ways." See, also, on the same point, *Hughes* v. *Washington,* 65 Ill. 245.

It is, however, contended, that so long a time has elapsed since the trial of the cause that it is impossible for the judge to determine what the evidence was on the trial. We do not apprehend there can be much trouble on this score.

It is set up in the petition, and not denied in the answer, that a full phonographic report of all the evidence offered on the trial was made at the time by skilled reporters. If this be true, we can not see how there can be much room for controversy in regard to the evidence. But if this was not the case, the judge who tried the cause, with the aid of counsel on each side of the case, ought to be able, without unnecessary trouble, to determine what evidence was given on the trial, and incorporate the same in the certificate of evidence. If the judge can not remember the evidence he might send for the witnesses who testified before him, and examine them again, and in this or some other mode determine the facts to be incorporated in the certificate.

We do not hold that the certificate of evidence prepared by petitioners and presented to the judge is the one to be signed by the respondent. We merely decide that, under the circumstances of this case, the petitioner is entitled to have a certificate of evidence signed. It is for the respondent, the judge before whom the cause was tried, to determine the accuracy of the certificate and the matters and things to be incorporated in it. As said in *The People* v. *Pearson,* 2 Scam. 189, he must sign such a one as he believes to be correct, and none other. See, also, *The People* v. *Jameson,* 40 Ill. 96.

The peremptory writ of *mandamus* is granted.

*Mandamus granted.*

Mr. JUSTICE DICKEY took no part in the decision of this case. While the chancery suit was pending he was a partner in the practice of law with Mr. Caulfield, who was solicitor for Mr. Maher.