THE PEOPLE *ex rel.* Eddie Hall

*v.*

JESSE HOLDOM.

| 193    319 |
| e103a 193 |

*Opinion filed December 18, 1901.*

1. PRACTICE—*what not ground for refusal of trial judge to sign bill of exceptions.* Refusal of the presiding judge in a criminal case to sign the bill of exceptions is not justified by the facts that the bill is not verified or sworn to by any person or approved by the State's attorney, nor that he did not know personally or remember whether the matters set forth in the bill were correct or not.

2. SAME—*duty of trial judge to sign and seal bill of exceptions.* When the bill of exceptions is presented to the judge it is his duty to examine it and point out where the inaccuracies are and what corrections shall be made, and when the bill, in his judgment, truly sets forth the proceedings and the evidence, it is his duty to sign and seal the same.

ORIGINAL petition for *mandamus*.

BENJAMIN STAUNTON, for petitioner.

H. J. HAMLIN, Attorney General, CHARLES S. DENEEN, State's Attorney, and F. L. BARNETT, for respondent.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is a petition for a writ of *mandamus* to compel Jesse Holdom, one of the judges of the superior court of Cook county, to sign and seal a certificate of evidence or bill of exceptions in a certain criminal case in which the petitioner was a defendant, and who had been tried before said judge. The matter comes before us for hearing on petition, answer and replication.

It appears that during the month of February, 1901, the petitioner was tried before the respondent, sitting in the criminal court of Cook county, on the charge of robbery, and was convicted. He prayed and desired to take the case up on error, and sixty days' time was given him in which to prepare and file his bill of exceptions. On the 25th or 26th day of February petitioner presented to the respondent what purported to be a bill of exceptions and requested him to certify and seal the same. Respondent inquired if said bill had been exhibited to the State's attorney and approved by him. Petitioner's counsel replied that it had not, whereupon the respondent directed counsel for petitioner to submit such bill of exceptions to the State's attorney for his approval, and stated that if he did not object to the same, he (respondent) would sign and seal it. Petitioner's counsel informed the court that he was not aware the law required the approval of the State's attorney to a bill of exceptions, whereupon the court declined to examine or pass upon such bill until the same was "O. K."d or approved by the State's attorney. Counsel for petitioner presented the bill of exceptions to the State's attorney, who declined to examine or approve it.

Respondent, in explanation of his declination to act upon or sign the bill of exceptions, states that the same was not verified or sworn to by any person; that there was no official reporter, and that he did not know personally, or remember, whether the matters set forth in the bill were correctly set forth. It appears, however, that all this testimony, except that of the prosecuting witness, Frank Otto, was transcribed as it was given. It further appears that the testimony of this prosecuting witness was taken by a stenographer whose whereabouts was unknown to the petitioner or his counsel. This peculiar condition of things seems to have arisen from the fact that petitioner, who is not a lawyer, conducted his own defense. It appears that petitioner had engaged the services of William A. Cunnea, a practicing lawyer of Cook county, to defend him, and that a day or two before the trial of petitioner was called his said attorney became engaged in the trial of a cause in one of the branches of the superior court of that county, before Judge Waterman. Petitioner was in jail. His attorney, so employed, advised the court of his engagement the day before petitioner's trial was to be called; that he was so engaged, and was likely to be for a number of days, in the case then in progress, and requested that said sitting be canceled or the cause be continued to a future day, and made like communication to and request of the State's attorney. Upon the day of the trial, petitioner's counsel not appearing, petitioner asked the court to continue the cause or delay it until the attendance of his counsel could be had. This the court declined to do, and appointed one L. L. Elliot, an attorney of said court, to defend petitioner. Petitioner declined to accept the services of said attorney and insisted upon the presence of the attorney employed by him, but the court proceeded with the trial and the petitioner represented himself, examining the witnesses and doing whatever was done in the way of his defense. When the bill of exceptions was

presented to respondent he was advised by petitioner's counsel that he was unable to produce the stenographic report of the prosecuting witness, but that he had made a statement of the evidence with the assistance of a bystander who had heard it, and that it was presented in and with the bill of exceptions.

The petitioner was convicted of a grave offense and was entitled to the benefit of a record and a bill of exceptions, and to have his case passed upon by a court of appeals. This he could not have without the certificate and approval of respondent. We do not regard the reason assigned by respondent for his failure or refusal to make up, or cause to be made up, a properly certified bill of exceptions as sufficient. No authority for requiring a verification by the oath of anybody as a condition precedent upon which it is to be signed and approved by the trial court has been pointed out, and we cannot give our approval to such practice. Such a bill, when presented, contains so many things that no person except an expert stenographer would be willing to swear to its accuracy. Under our practice it contains motions, and sometimes the rulings on them, exceptions to evidence, copies to exhibits and affidavits, and numerous matters that seem to make it inexpedient to have attached to its approval by the court such a condition as is here sought to be imposed. We have no doubt that if respondent had called before him the State's attorney, and petitioner and his counsel, a bill could have been agreed upon. The stenographer who took all the evidence except that of the prosecuting witness could have been brought before the court and inquired of as to the accuracy of his report, and if the stenographer who took the testimony of the prosecuting witness could not be found, the court was authorized to call the witness before him, or make such other investigation and inquiry as would enable him to comply with his duty and give the petitioner such a bill of exceptions as would enable him to prosecute his

writ of error.   In *People* v. *McConnell*, 155 Ill. 192, we held
that where the court who had tried the case had died,
his successor in office could be required to sign and ap-
prove a bill of exceptions, and in that case Mr. Justice
PHILLIPS, in speaking for the court, said (p. 202):   "We
have repeatedly held, and the citation of cases is unnec-
essary, that in settling a bill of exceptions by the trial
judge he may resort to every legitimate means of as-
certaining the correctness of the bill he is called upon
to authenticate.   He may not only have recourse to the
stenographic report, but may send for the witnesses, and
take such other steps and measures as will legitimately
and properly advise him of the truth and of the correct-
ness of the bill of exceptions which he signs."   And to
the same effect is *People* v. *Higbee*, 172 Ill. 251.   This re-
spondent tried the case, and will doubtless, upon inspect-
ing the record and reading the evidence tendered him,
be able to sufficiently recall it to direct the proper prepa-
ration of the bill.   *People ex rel.* v. *Williams*, 91 Ill. 87.

The respondent does not place his failure to act or
approve the bill presented to him upon the ground that
it was not right, or that it contained incorrect statements
of the evidence or exceptions, or any other matter that
was improper to be there.   In fact, he does not claim to
have examined it, or to have so advised himself as to
be able to say that it contained any objectionable or in-
accurate matter.   We do not desire to be understood as
requiring respondent to approve the particular bill of
exceptions presented to him in the exact condition as
presented, but it was and is his duty to examine it and
to point out where the inaccuracies are and what cor-
rections should be made; and when the bill, in his judg-
ment, truly sets forth the proceedings and the evidence,
it is his duty to sign and seal the same.   *People ex rel.* v.
*Williams, supra.*

Peremptory writ of *mandamus* is granted.

*Writ awarded.*