CHICAGO—FIRST DISTRICT—DECEMBER, 1921. 225

Western S. & O. Fixture Co. v. A. L. Randall Co., 223 Ill. App. 225.

## Western Store & Office Fixture Company, Defendant in Error, v. A. L. Randall Company, Plaintiff in Error.

### Gen. No. 26,258.

TRIAL—*when refusal of trial court to order stenographer to furnish report of trial at defendant's cost is not error.* The refusal of the trial court to enter a rule on the stenographer, who reported the case in question, to show cause why he should not furnish a stenographic report of the trial, and to order him to furnish such report at defendant's cost, was not error, as such stenographer was an employee of plaintiff, who hired him, and was bound by the terms of his hiring, and, as to transcribing his notes and furnishing a typewritten copy, was not amenable to the orders of the trial judge.

Error to the Municipal Court of Chicago; the Hon. HARRY M. FISHER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Affirmed. Opinion filed December 21, 1921.

ALFRED E. BARR and FRANK W. BIGELOW, for plaintiff in error.

ISRAEL COWEN, for defendant in error.

MR. JUSTICE TAYLOR delivered the opinion of the court.

On November 20, 1920, on motion of the defendant in error, the bill of exceptions filed in this cause—and which purported to contain the evidence—was stricken. The result is there is left for us to consider only the common-law record and the bill of exceptions pertaining to certain motions. The record, as it now stands, shows, substantially, the following: That the defendant in error brought suit for a balance of $170 for certain work and upon an instructed verdict recovered a judgment against the plaintiff in error in the sum

226    APPELLATE COURTS OF ILLINOIS.

Western S. & O. Fixture Co. v. A. L. Randall Co., 223 Ill. App. 225.

of $145 and costs; that on December 11, 1919, the plaintiff in error moved to vacate the judgment and for a new trial, and on the same day that motion was continued by the trial judge to December 12, 1919; that on December 12, 1919, that motion was overruled and an appeal prayed by the plaintiff in error to this court and 60 days allowed in which to file a bill of exceptions; that on January 9, 1920, the appeal bond of the plaintiff in error was approved by the court; that on February 7, 1920, the plaintiff in error moved the court to extend the time to file the bill of exceptions, which motion the court set for February 13, 1920; that on February 20, 1920, the plaintiff in error filed certain affidavits setting up certain facts concerning the absence of the trial judge and the refusal of one Young, a stenographer, to prepare and deliver to the plaintiff in error, or its attorney, a stenographic report of the trial; that on February 24, 1920, the plaintiff in error filed in the office of the clerk of the municipal court a certain *præcipe* for record; that on March 5, 1920, the trial judge denied the motion of the plaintiff in error to enter a ruling on Young, the stenographer, to show cause by a given day why he should not prepare a transcript of the proceedings of the trial at the expense of the plaintiff in error, and refused to order Young, the reporter, to prepare a transcript of the proceedings of said trial, and ordered *nunc pro tunc* as of February 27, 1920, that each of said motions be denied, and, further, that the plaintiff in error be given 30 days from the date of the entry of that order within which to present for certification and filing its bill of exceptions with respect to said motions and the order thereon; that on the same day the plaintiff in error was given '90 days from February 9, 1920, in which to file a bill of exceptions or stenographic report of the proceedings of the trial; that on March 25, 1920, on motion of the defendant it was ordered by the court that the bill of exceptions presented be approved

and ordered filed; that on the same date a certain bill of exceptions was filed in the office of the clerk of the municipal court which purports to contain the two motions in regard to Young, the reporter, an affidavit of one Bigelow, and certain facts concerning the order of March 25, 1920.

From the foregoing, it follows, that we are not able to consider the merits of the controversy as precipitated by the pleadings and the evidence. Two contentions of the plaintiff in error, however, we are entitled to consider, and those are, did the trial judge err (1) refusing to enter a rule on the stenographer, Young, to show cause why he should not furnish a stenographic report of the trial at the cost of the plaintiff in error and (2) did the trial judge err in refusing to order him to furnish a stenographic report of the trial at the cost of the plaintiff in error.

We are of the opinion that the trial judge did not err in refusing to order the stenographer to show cause, or in refusing to order him to prepare and furnish a copy of his stenographic notes of the proceedings at the trial. The stenographer was an employee of the party who hired him and was bound by the terms of that hiring, and, as to transcribing his notes and furnishing a typewritten copy, was not amenable to orders of the trial judge. The contractual relations between the stenographer and counsel for the defendant in error and his alleged promises to counsel for the plaintiff in error were all matters *in pais,* entirely extrajudicial, and, therefore, not within the jurisdiction of the trial judge. Lacking authority, he rightfully refused to make the orders requested.

Finding no error in the record the judgment is affirmed.

*Affirmed.*

O'CONNOR, P. J., and THOMSON, J., concur.