## Edna Weber, Appellee, v. Louisa Sneeringer, Appellant.

1. APPEAL AND ERROR—*when jurisdiction of reviewing tribunal attaches.* An appeal allowed by a trial court from a judgment for money is, in contemplation of law, pending in the appellate tribunal the moment the appeal bond is executed and filed with the clerk of the trial court.

2. APPEAL AND ERROR—*orders of trial court after transfer of case to reviewing tribunal.* After an appeal bond is filed in a trial court which has allowed an appeal from a monetary judgment, such court is without authority to enter any further orders until the appeal is properly disposed of in the Appellate Court.

3. APPEAL AND ERROR—*time of presentation of bill of exceptions.* A bill of exceptions must be presented to the trial judge for signature during the term at which the cause is disposed of, or within such further time as shall be limited by the court by an order entered during that term.

4. APPEAL AND ERROR—*presentation of bill of exceptions at subsequent term.* A trial judge has power at a term, subsequent to the one at which the cause is disposed of, to enter an order extending the time

in which to file a bill of exceptions, providing the order granting extension was within the time originally given therefor; but if the term at which the cause was disposed of is adjourned, and thereafter the period first fixed for filing the bill of exceptions expires without an order providing for extension of time, the court, subsequent to the expiration of that period, is without jurisdiction to make an order extending the time or to sign a bill of exceptions as to matters occurring previous to or at the time of entry of judgment.

5. APPEAL AND ERROR—*presentation of bill of exceptions when reporter's notes are lost or stolen.* The fact that the stenographic notes taken during a trial by the court reporter are lost or stolen, and that, consequently, he is unable to furnish a transcript of the evidence, does not relieve the appellant of the duty of presenting a bill of exceptions to the trial judge within the time fixed by him, or, if such time is insufficient, to make application prior thereto for an extension of time to file such bill.

6. APPEAL AND ERROR—*settlement of bill of exceptions when reporter's notes are lost or stolen.* Where the stenographic notes taken by the court reporter during a trial are lost or stolen it is the duty of the trial judge, upon the presentation of a bill of exceptions within the time fixed, to settle and certify such evidence; and if the judge cannot remember the evidence, he may send for the witnesses and examine them again, or, in some other manner, determine the facts to be incorporated in the certificate.

7. APPEAL AND ERROR—*presumption in absence of bill of exceptions.* It will be presumed on appeal in suit at law, in the absence of a bill of exceptions, that the evidence was sufficient to support the judgment.

8. APPEAL AND ERROR—*matters reviewable in absence of bill of exceptions.* Only such errors as appear on the face of the record can be considered or passed upon by the Appellate Court, in the absence of a bill of exceptions.

9. PLEADING—*necessity of swearing to replication.* It is proper to refuse to strike from the files an unsworn replication to a plea in an action for rent, since the statute does not require a sworn replication.

10. PLEADING—*waiver of rejoinder.* A formal rejoinder is waived by a defendant in electing to proceed to trial without further pleading after a demurrer to a replication is overruled.

11. PLEADING—*amendment of replication after confessing a demurrer.* A plaintiff can amend a replication after confessing a demurrer thereto.

12. SAVING QUESTIONS FOR REVIEW—*necessity of objecting to the state of the pleadings.* An appellant cannot raise for the first time on appeal that the issues were confused and misleading, or that he was taken by surprise, from the state in which the pleadings were in, where he proceeded to trial without objection.

Appeal by defendant from the City Court of Alton; the Hon. L. D. YAGER, Judge, presiding. Heard in this court at the October term, 1927. Affirmed. Opinion filed January 20, 1928.

J. B. STREUBER, for appellant.

WM. P. BOYNTON and WM. M. P. SMITH, for appellee.

MR. JUSTICE NEWHALL delivered the opinion of the court.

This is an appeal brought by appellant to reverse a judgment rendered by the city court of Alton against appellant for the sum of $75 for rent of a store building leased by appellant.

The declaration averred that appellant was a tenant of appellee in a building used for a millinery store at an agreed monthly rental of $85; that the rental was paid to August 11, 1926; that appellant occupied the same from August 11, 1926, to September 17, 1926, when the same was vacated by appellant. Affidavit of claim was filed with the declaration claiming $170 for two months' rent.

Pleas of general issue and three special pleas, verified, were filed. The special pleas alleged payment and eviction of appellant by wrongful entry of appellee's agents in remodeling the store premises in question. *Similiters* were filed by appellee to the first and second pleas, and replications to the third and fourth pleas.

After these pleadings, a jury was impanelled, and appellee offered proof, and rested her case. Appellant then made a motion to strike the replications from the files, because they were not verified, and this motion was overruled by the court. Appellant then demurred to the replications. The demurrer to the first three replications was overruled. Appellee confessed the demurrer to the fourth replication, and leave was granted to file instanter a new replication to the fourth plea, to which appellant demurred, and was overruled.

The trial before the jury was then resumed, and verdict was rendered in favor of appellee for $75 on December 18, 1926, one of the days of the December term.   Later during the same term, on January 21, 1927, a motion for a new trial was made by appellant, which was denied by the court on February 19, 1927, being the last day of the said December term.   Judgment was entered on the verdict, to which appellant excepted, and was allowed an appeal upon filing bond within 30 days and bill of exceptions within 60 days. Appellant filed her appeal bond March 12, 1927, which was approved by the clerk of the city court on the same day.

On the 17th day of March, 1927, being one of the days of the February term, 1927, of the city court of Alton, appellant filed in the court below a motion to vacate the judgment entered at the previous term and to grant a new trial, on the ground that the stenographic notes of the court reporter, taken during the trial, had become lost or stolen, and that counsel was, therefore, unable to prepare a proper bill of exceptions for use on the appeal to this court.

On March 19, 1927, appellee moved to strike appellant's motion entered March 17, 1927, because of want of jurisdiction in the trial court, which motion was allowed by the court on June 18, 1927, to which appellant excepted, and prayed an appeal, which was allowed by the court; and it was ordered that the appeal bond theretofore filed and approved stand on this appeal.   Bill of exceptions was tendered and signed as of June 20, 1927, purporting to contain the affidavits, proceedings, and rulings had by the court on the hearing of the motion to vacate said judgment.

On April 23, 1927, the record shows that the time for filing bill of exceptions expired April 20, 1927, and that no extension of time had been requested prior thereto.

Appellant contends that the trial court erred in striking from the files her motion to vacate the judg-

ment entered at the previous term, and to grant a new trial, because the stenographic notes made by the reporter at the trial had become lost or stolen.

An appeal allowed by a trial court is, in contemplation of law, pending in the appellate tribunal the moment the appeal bond is executed and filed with the clerk of the trial court.

After the appeal bond was filed in the court below, perfecting appellant's appeal from the judgment entered February 19, 1927, the trial court was without authority to enter any further orders until the appeal was properly disposed of in the Appellate Court. (*David v. Commercial Mut. Acc. Co.*, 243 Ill. 43; *People v. Wiley*, 284 Ill. 186.)

A bill of exceptions must be presented to the trial judge for signature during the term at which the cause is disposed of, or within such further time as shall be limited by the court by an order entered during that term; and the court has power at a subsequent term to enter an order extending the time in which to file a bill of exceptions, providing the order granting extension was within the time originally given therefor; but, if the term, at which the cause was disposed of, is adjourned and thereafter the period first fixed for filing the bill of exceptions expires, without an order providing for extension of time, the court, subsequent to the expiration of that period, is without jurisdiction to make an order extending the time or to sign a bill of exceptions as to matters occurring previous to or at the time of entry of judgment. (*Richter v. Chicago & E. R. Co.*, 273 Ill. 625; *People v. Ellsworth*, 261 Ill. 275; *Franklin Park v. Franklin*, 228 Ill. 591.)

The record discloses that the 60 days' time for filing "bill of exceptions," as granted by the court when judgment was entered on February 19, 1927, expired April 20, 1927, and no extension of time was granted, or requested by appellant prior thereto.

Appellant's motion to vacate the judgment and grant a new trial was entered in open court on March 17, 1927, at which time appellant's counsel had been fully advised that the reporter was unable to find his stenographic notes taken during the trial, and was consequently unable to furnish a transcript of the evidence. This state of facts did not warrant appellant in neglecting to present a bill of exceptions within the time fixed by the court, viz, April 20, 1927, or, if such time was insufficient, then to make application prior thereto for an extension of time to file such bill of exceptions.

Even though the reporter's notes had become lost or stolen, it did not relieve appellant of the duty of presenting such bill of exceptions within the time fixed, and it then became the duty of the trial judge to settle and certify such evidence. If the trial judge could not remember the evidence, he might send for the witnesses who testified before him and examine them again, and in this or some other mode determine the facts to be incorporated in the certificate.

The judge must determine judicially, in the first instance, what the bill of exceptions shall contain, that it may truly and fairly present the facts and rulings occurring on the trial of the cause; and may, in the first instance, resort to all available means to determine the fact and to secure accuracy in making up the record. (*People v. Chetlain*, 219 Ill. 248; *People ex rel. Munson v. Gary*, 105 Ill. 264.)

There is no evidence in the record that appellee or her counsel had any knowledge of the loss of the reporter's notes, and the charges made against appellee of other matters foreign to the case were wholly unjustified and are highly improper.

Motion for new trial and alleged errors in giving and refusing instructions must be preserved in bill of exceptions before any question can arise in a court of review. (*Greenwell v. Hess*, 298 Ill. 459.)

In suits at law, in the absence of a bill of exceptions, it will be presumed on appeal that the evidence was sufficient to support the judgment. (*Miller v. Glass,* 118 Ill. 443; *Clark v. Burke,* 172 Ill. 109; *Eggleston v. Royal Trust Co.,* 205 Ill. 170.)

In the absence of a proper bill of exceptions, only such errors as appear on the face of the record can be considered or passed upon by this court. (*Kalish v. City of Chicago,* 219 Ill. 133; *Helmuth v. Bell,* 150 Ill. 263.)

The first error assigned, which appears on the face of the common-law record, is that the trial court erred in refusing to strike from the files appellee's unsworn replication, but the court did not err in this ruling for the reason that the statute does not require a sworn replication. The replications denied the allegations of the pleas, and tendered issues of fact.

It is next urged that appellant's demurrer to the replications should have been sustained. The demurrer was overruled, and appellant did not stand by her demurrer, but elected to proceed to trial without further pleading, and thereby waived a formal rejoinder. (*Funk v. Babbitt,* 156 Ill. 408; *Turner v. Modern Woodmen of America,* 186 Ill. App. 404; *Anderson v. Patty,* 168 Ill. App. 151.)

It is also urged that the trial court erred in permitting appellee to amend her replications after confessing a demurrer, but there is no merit in this contention; and appellant, without objection, proceeded with the trial, and cannot now raise for the first time the question that the issues were confused and misleading, or that appellant was taken by surprise.

The record in this case does not disclose any reversible error, and the judgment is affirmed.

*Judgment affirmed.*