The People of the State of Illinois, Defendant in Error, v. Charles Leonberger, Plaintiff in Error.

Heard in this court at the February term, 1930. Opinion filed May 21, 1930.

JAMES E. DENTON and MARSH WISEHART, for plaintiff in error.

JOSEPH L. BARTLEY, for defendant in error.

MR. JUSTICE NEWHALL delivered the opinion of the court.

Plaintiff in error was indicted.jointly with one Clem Page at the October Term, A. D. 1928, of the circuit court of Gallatin county, Illinois, for the crime of burglary and larceny, and for receiving stolen property.

The errors assigned relate to admitting improper evidence on the part of the prosecution and in refusing to admit certain evidence on the part of plaintiff in error; the giving and refusing of instructions, the denial of motions for a new trial and in arrest of judgment. The record shows that after a verdict was re-

turned finding plaintiff in error guilty of petty larceny, the court sentenced plaintiff in error to pay a fine of $100 and to serve a term of one year at the State Farm at Vandalia.

Trial before a jury was had on October 9, 1929, and on November 4, during the same October Term, plaintiff in error was sentenced to the State Farm at Vandalia for one year and to pay a fine of $100 and costs of suit. On the same day that judgment was entered on the verdict, motions for a new trial and in arrest of judgment were made, overruled, and excepted to. The October Term of the circuit court was adjourned for the term on the 6th day of November, 1929. No time was fixed by the trial judge during the October Term for plaintiff in error to present or file a bill of exceptions.

The record shows that a purported bill of exceptions was presented to the trial judge on the 17th of December, 1929, which was after the final adjournment of the October Term of the said circuit court on November 6, 1929.

A bill of exceptions must be presented to the trial judge for signature during the term at which the cause was disposed of, or within such further time as shall be limited by the court by an order entered during that term; and if the court does not, during the term, enter an order extending the time for the filing of a bill of exceptions beyond the date of final adjournment, the court is without jurisdiction at a subsequent term to sign a bill of exceptions as to matters occurring previous to or at the time of the entry of the original judgment. *Weber v. Sneeringer,* 247 Ill. App. 294.

The alleged errors relied upon and discussed in plaintiff in error's brief and argument relate only to the admission of evidence, the giving and refusing of instructions, and the sufficiency of the evidence. None of these questions can be considered by this court without a properly authorized bill of exceptions. No

errors being assigned and argued upon the record proper of this case, there is nothing that the court can consider. *People v. Cook,* 324 Ill. 533.

For the reasons aforesaid the judgment of the circuit court of Gallatin county is affirmed.

*Affirmed.*