## UNITED STATES v. SEVILLA.

United States Court of Appeals Second Circuit.

Argued May 2, 1949.

Decided May 26, 1949.

Caledonia Sevilla, pro se.

John F. X. McGohey, United States Attorney, New York City (Bruno Schachner, Assistant United States Attorney, New York City, of counsel), for the United States.

Before L. HAND, Chief Judge, and SWAN and FRANK, Circuit Judges.

FRANK, Circuit Judge.

As the defendant is an alien, he may not appeal in forma pauperis. 28 U.S.C.A. § 1915(a). Nor does § 1915(b) apply to an alien.[1] However, we have authority to appoint a lawyer to act for defendant on this appeal. It will be that lawyer's duty to present to the district judge a statement of the evidence and of the events at the trial, "made up from the best sources available," in the manner stated by the Supreme Court in Miller v. United States, 317 U.S. 192, 198, 601, 63 S.Ct. 187, 87 L.Ed. 179. It "will then be-

---

[1] Sections 1915(a) and (b) state:

"(a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a citizen who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress. * * *

"(b) In any civil or criminal case the court may, upon the filing of a like affidavit, direct that the expense of furnishing a stenographic transcript and printing the record on appeal, if required by the appellate court, be paid by the United States, and the same shall be paid when authorized by the Director of the Administrative Office of the United States Courts."

come the duty of the district judge to assist in amplifying, correcting, and perfecting" that statement from "the best sources available" to him.[2] He may, to that end, interrogate the witnesses, the counsel who appeared at the trial for the government and for the defendant, and any other persons having reliable information.[3] Among such persons are the court reporters who took stenographic notes of the testimony and remarks at the trial; the judge may properly require them to read their notes to him.[4]

Section 753(b) of Title 28 states that the trial judge may require the official reporter to transcribe his notes and deliver the transcript to the judge. It is arguable that, were the judge so to require in a case like this, the result would be to circumvent 28 U.S.C.A. § 1915(b). However that may be, we think Congress did not intend to put a district judge, in such circumstances, to the laborious task of obtaining the needed information without a transcript when one is easily accessible to him.

There is nothing in this procedure inconsistent with Rule 39 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., which requires records to be prepared in the same way as records in civil actions, that is, in accordance with Rule 75 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Bills of exception are, of course, abolished.[5] But since the adoption of the Rules of Criminal Procedure the Supreme Court has recognized that the substance of the procedure set forth in Miller v. United States may still be followed "in unusual circumstances" where the appel-

lant has no transcript of the record available.[6]

We deny defendant's motion for leave to appeal in forma pauperis. We also deny his application to us for a transcript of the record. We shall appoint a lawyer for him to perform the duty above stated. After the record on appeal is filed,[7] that lawyer will advise us whether he thinks there is such merit in the appeal as to make it desirable that he should further act in prosecuting the appeal. When so advised, we will take further appropriate steps.

---

[2] 317 U.S. at page 200, 63 S.Ct. at page 191.

[3] Collier v. State, 13 Ark. 676, 679; People v. Gray, 105 Ill. 264, 271; Weber v. Sneeringer, 247 Ill.App. 294, 299; Beebe v. State, 106 Ohio St. 75, 139 N.E. 156; Weatherford v. Wilson, 2 Scam. 253, 3 Ill. 253, 257.

[4] Snow v. Gould, 74 Me. 540, 544, 43 Am.Rep. 604; People v. Williams, 91 Ill. 87, 91; Beebe v. State, 106 Ohio St. 75, 139 N.E. 156.

In Beebe v. State, supra, the only stenographer at the trial had been hired by the plaintiff, who had won in the trial court. That stenographer, at the plaintiff's behest, refused to furnish a tran-

script for the defendant's use on appeal. The court held that the trial court should call the stenographer as a witness and require him to testify, to assist the defendant and the judge in preparing a record.

[5] United States v. Sheridan, 329 U.S. 379, 393, 67 S.Ct. 332, 91 L.Ed. 359.

[6] Helwig v. United States, 327 U.S. 770, 66 S.Ct. 956, 90 L.Ed. 1000; Id., 328 U.S. 820, 66 S.Ct. 1336, 90 L.Ed. 1601; United States v. Sheridan, 329 U.S. 379, 393, 67 S.Ct. 332, 91 L.Ed. 359.

[7] It will, of course, be necessary for the appellant to pay the filing fee at the time he files the record.