(Nos. 37104, 37158, Cons.—

Jo D. Tansor *vs.* Checker Taxi Company.—(People *ex rel.* Jo D. Tansor, Appellant and Petitioner, *vs.* Elmer N. Holmgren, Judge, Appellee and Respondent.)

*Opinion filed February 1, 1963.—Modified on denial of rehearing March 27, 1963.*

HARRY S. POSNER & FRED S. POSNER, of Chicago, (FRED S. POSNER, of counsel,) for appellant and petitioner.

WILLIAM C. WINES, and JESMER & HARRIS, all of Chicago, for appellee and respondent.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This court granted leave to Jo D. Tansor, the plaintiff, to file her original petition in this court for a writ of *mandamus* directed to the respondent, Hon. Elmer N. Holmgren, a judge of the superior court of Cook County. We also allowed her petition for leave to appeal from an order of the Appellate Court for the First District, which denied her motion for leave to file in that court a similar petition for a writ of *mandamus* directed against the same respondent. The two cases were consolidated in this court. Both concern the plaintiff's efforts to obtain a report of proceedings at a trial conducted before the respondent as trial judge, in furtherance of her appeal from an adverse judgment.

From the record before the Appellate Court and the plaintiff's original petition in this court, it appears that the plaintiff prosecuted a claim for personal injuries against the Checker Taxi Company, the defendant. Upon a trial before the respondent judge, the jury returned a verdict in the plaintiff's favor in the sum of $4,500. On the motion of the defendant, the respondent entered judgment for the defendant notwithstanding this verdict, and conditionally granted the defendant's motion for a new trial in the event of reversal, in accordance with section 68.1 of the Civil Practice Act. (Ill. Rev. Stat. 1961, chap. 110, par. 68.1.) The plaintiff filed her notice of appeal to the Appellate Court and undertook to procure the record on appeal.

No officially appointed court reporter, as authorized by statute (Ill. Rev. Stat. 1961, chap. 37, pars. 163a, 163b,) attended the trial. The stenographers who reported the proceedings were employed by a private court reporting firm hired by the defendant. In an effort to obtain a copy of the stenographic report to complete her record on appeal, the plaintiff presented a motion in the trial court for an order directing the defendant or the court reporter to supply a transcript. The motion was accompanied by a tender of the reporter's full fee for attendance, reporting, and transcribing, and by an offer to prove, through the testimony of the reporter himself, that the testimony had already been transcribed and was available subject to the directions of the defendant. The reporter declined to supply the transcript, however, without the authorization of the defendant, and the respondent denied the motion to compel production.

Plaintiff's attorney thereupon prepared a report of proceedings, in the form of a "condensed statement." (Ill. Rev. Stat. 1961, chap. 110, par. 101.36.) Since no stenographic transcript was available to him, he based this account upon his trial notes and his own recollection of the proceedings. The statement so prepared was submitted to the respondent as a report of proceedings for his certificate of correctness

as required by Rule 36 of this court. (Ill. Rev. Stat. 1961, chap. 110, par. 101.36.) The defendant objected, and the respondent refused to certify the submitted report.

The plaintiff thereupon filed a motion in the Appellate Court where her appeal was pending, seeking leave to file a petition for a writ of *mandamus* directing the respondent to certify the report of proceedings. The respondent opposed this motion, and supported his opposition with a statement that the tendered report was inaccurate in certain respects. The defendant's attorney also opposed the motion with an affidavit that recited, so far as is pertinent, that the tendered report "is substantially incorrect and substantially incomplete. It does not contain the full substance of testimony as to how the accident occurred. Nor does it correctly reflect the trial court's rulings during the trial." By an order entered without opinion, the Appellate Court denied leave to file the petition for a writ of *mandamus*. The plaintiff then sought relief in this court.

The report of proceedings under the present practice serves the function of the former bill of exceptions. (Ill. Rev. Stat. 1961, chap. 110, par. 74(2).) It affords the means for putting before the reviewing court matters not included in the formal common-law record. (See *Miller* v. *Anderson,* 269 Ill. 608.) Here the plaintiff seeks review of a judgment entered notwithstanding the verdict. The sufficiency of the evidence introduced is determinative of this issue, and the evidence can be placed before a reviewing court only through a report of proceedings. Unless a report can be supplied, certified by the trial judge in accordance with our Rule, the plaintiff will be denied adequate appellate review.

Under the Rules, the burden of procuring the report of proceedings rests upon the appellant. (Rule 36(1)(c), Ill. Rev. Stat. 1961, chap. 110, par. 101.36(1)(c).) In modern practice, this burden is ordinarily met simply by ordering a transcript of the stenographic record from the court re-

porter. (See *Chicago, Milwaukee & St. Paul Railway Co.* v. *Walsh,* 150 Ill. 607, 612-13.) In this case the respondent had ready means at hand to verify the tendered report and to single out errors. It is not denied that the defendant had been supplied with a complete transcript of the testimony. Since the stenographer's fee was tendered, the defendant's attorney might have been called upon to furnish that transcript, or the respondent might have called upon the stenographer himself, either to read from his notes or to supply a transcript. See *People ex rel. Hall* v. *Holdom,* 193 Ill. 319, 322.

In *Beebe* v. *State ex rel. Starr Piano Co.* 106 Ohio St. 75, 139 N.E. 156 (1922), the stenographer who reported the trial had been hired, as here, by the prevailing party. The loser, preparing an appeal, tendered the reporter's fee for a transcript but, as here, the tender was refused upon the direction of the attorney for the prevailing party. The appellant then prepared a narrative statement, from consultation with witnesses and trial counsel, setting out in substance the evidence introduced. The trial judge refused to certify this statement on the ground that it was incorrect and untrue, and declined to compel the stenographer to read from his notes to facilitate correction. The Supreme Court of Ohio directed the issuance of a writ of *mandamus* to compel the respondent to correct and to sign the submitted report. The holding of the case is officially summarized in the syllabi prepared by the court as follows:

"2. It is the duty of the trial judge to allow and sign a bill of exceptions when duly presented, if the same be correct; it is likewise his duty to correct errors therein, and upon refusal to do so a writ of mandamus may issue.

"3. If the trial judge from memory or from memoranda in his possession cannot make such correction, it is his duty to refresh his memory from available information including that which may be obtained from the stenographer who has shorthand notes of the testimony and other proceedings of

the trial, even though such stenographer was not an official reporter appointed by the court, but was employed therein by the party prevailing in the suit. * * *." 106 Ohio St., 75-76, 139 N.E. at 156.

That the stenographer was hired and paid by the defendant poses no obstacle to this course. Full disclosure of information at the appellate stage does not threaten the adversary system, invade the lawyer's work product, or probe his trial strategy. The transcript of the testimony given in open court is not the product of the advocate's effort and diligence, but of the power of the State to compel witnesses to testify in the interests of justice. No claim of privilege can justify withholding of a report made by a stenographer under the auspices and with the facilities of the court. We so held in *McGill* v. *Illinois Power Co.* 18 Ill.2d 242, where the plaintiff had taken the depositions of certain witnesses in the prosecution of a workmen's compensation claim. In a subsequent proceeding on a common-law claim against a different defendant, the plaintiff refused to produce transcripts of these depositions or to permit the stenographer to supply copies upon the defendant's tender of the fee for copying or transcribing them. We there said: "The documents with which we are concerned are depositions taken pursuant to law. They are the product of the power of the State to compel the testimony of witnesses rather than of the ingenuity or resourcefulness of any lawyer. The State makes available its compulsory process to compel witnesses to attend and give testimony on a pretrial deposition in order to assist in the ascertainment of the truth. To sanction something akin to a property right in the transcript of testimony so taken would frustrate that purpose." 18 Ill.2d, at 246.

Both the respondent and the Appellate Court appear to have approached this case under the influence of *Western Store and Office Fixture Co.* v. *A. L. Randall Co.* 223 Ill. App. 225, decided in 1921. There a somewhat similar prob-

lem had arisen in the municipal court of Chicago and in the course of its opinion the Appellate Court stated, "The stenographer was an employee of the party who hired him and was bound by the terms of that hiring and, as to transcribing his notes and furnishing a typewritten copy, was not amenable to orders of the trial judge." No reason was advanced by the Appellate Court in support of the curious barrier thus erected around the court reporter, as contrasted with all other persons, who, as shown by the decisions of this court and other courts, can be compelled to testify fully as to what occurred at a trial at which they were present. *People ex rel. Hall* v. *Holdom,* 193 Ill. 319, 322. See *People ex rel. Munson* v. *Gary,* 105 Ill. 264; *People ex rel. Maher* v. *Williams,* 91 Ill. 87; *Weatherford* v. *Wilson,* 3 Ill. 253, 257; *People ex rel. North American Restaurant* v. *Chetlain,* 219 Ill. 248; *People ex rel. Pirola* v. *Lyle,* 329 Ill. 418; *Weber* v. *Sneeringer,* 247 Ill. App. 294 (4th Dist.). See also *United States* v. *Sevilla,* 174 F. 2d 879 (2 Cir. 1949); *Western States Construction Co.* v. *Municipal Court,* 38 Cal. 2d 146, 238 P. 2d 562 (1951).

But we need not consider the intrinsic merits or demerits of the Appellate Court's opinion. Any notion that a court reporter or a litigant may have a proprietary interest in a transcript of the evidence introduced in a judicial proceeding can not survive the statute which provides for official court reporters. That statute authorizes each judge of the circuit and superior courts to appoint an official shorthand reporter, and provides that the salaries of the reporters so appointed shall be paid for by the State. (Ill. Rev. Stat. 1961, chap. 37, pars. 163a, 163b.) The fee to be paid to the reporter for preparing a transcript of his shorthand notes is fixed by the statute, which states that "The fees for making transcripts shall be paid in the first instance by the party in whose behalf such transcript is ordered and shall be taxed in the suit." (Ill. Rev. Stat. 1961, chap. 37, par. 163b.) Under this statute neither party can claim a proprietary interest in the

official reporter's notes or transcript. And certainly the absence of an official reporter can not, in the face of the governing statute, give to either party a proprietary interest in a court reporter's transcript that would not exist if the statute was complied with.

This court has already denied the motion of the respondent and the defendant to dismiss the petition for *mandamus* on the ground that the time for filing the report of proceedings had expired. Allowance of that motion would have effectively precluded the plaintiff's efforts to review the judgment against her. The order of the Appellate Court denying the plaintiff's petition for *mandamus* is reversed. This court's writ of *mandamus* is awarded commanding the respondent as judge of the superior court of Cook County to direct the defendant's attorney to furnish the transcript, or to direct the court reporter to transcribe his notes and deliver the transcript to the plaintiff. The respondent is also directed to certify the report of proceedings for filing in the Appellate Court for the First District. The Appellate Court will then fix the time within which the abstracts and briefs of the parties may be filed.

> *No. 37104. Order reversed;*
> *No. 37158. Writ awarded, with directions.*